UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL D. SMITH, | No. 2:13-cv-2192 AC P |
| Plaintiff, | |
| v. | ORDER |
| R. RODRIGUEZ, et al., | |
| Defendant. | |

    Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has consented to the jurisdiction of the undersigned. ECF No. 5.

    By order filed on October 30, 2013, plaintiff was directed to submit within thirty days a completed affidavit in support of his request to proceed in forma pauperis. ECF No. 4. Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 6. Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

Prior to the court's screening of the original complaint, plaintiff filed a document he has entitled "motion for temporary restraining order."  ECF No. 7.  To the extent that plaintiff seeks a TRO, the requested relief is unclear.  Within the motion, plaintiff seeks:

> a (T.R.O.) temporary restraining order from the court ordering Kern Valley State Prison (A.W.) Warden Martin Bitter to order caption [sic] of IGI investigation unit to allow plaintiff his due process rights of filing a C.D.C.R. appeal while he is being illegal[l]y investigated with a camera in cell and cell heard over loudspeaker everything that is said and done inside plaintiff cell could be heard over loudspeaker including legal research on plaintiff active case which is Case No. 2:13-cv-02192 AC all for IGI year long investigation on plaintiff without allow [sic] plaintiff only due process rights every time plaintiff fil[es] a C.D.C.R. appeal it is screened out and all the unethical conduct by IGI investigators continue.

ECF No. 7 at 11.

In this document plaintiff also repeatedly states that he did not name an Officer Elise in the original complaint because he only learned of her alleged involvement in the deprivation of his rights after the complaint was filed.  Id. at 1-2, 4.  The court therefore will construe the motion for a TRO as a motion to amend the original complaint.

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Id.

In this instance, where the original complaint has not yet been screened, plaintiff is free to

file an amended complaint as a matter of course.   However, plaintiff is informed that an amended complaint supersedes the original complaint. See <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended pleading is filed, the original pleading no longer serves any function in the case. <u>Id.</u>; <u>see also</u> L.R. 220 (every pleading to which an amendment is permitted as a matter of right shall be retyped and filed so that it is complete in itself without reference to the prior pleading.).  This means that all claims and allegations must be contained in a single comprehensive complaint.  Although the allegations of this pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers," <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972) (per curiam), plaintiff is required to comply with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of California.  Plaintiff will have thirty days to file an amended complaint.  If plaintiff fails to amend the complaint, the original complaint will be screened.

      Accordingly, IT IS ORDERED that:

      1. Plaintiff's request for leave to proceed in forma pauperis is granted.

      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

      3. Plaintiff's putative motion for a temporary restraining order (ECF No. 7) is construed as motion to amend the complaint and as such is granted; plaintiff may file an amended complaint within thirty days;

      4. If plaintiff elects not to amend his complaint, the court will proceed to screen the original complaint.

DATED: January 9, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE