UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL D. SMITH, | No. 2:13-cv-2192 JAM ACP |
| Plaintiff, | |
| v. | ORDER & |
| R. RODRIGUEZ, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court are: (1) a motion to dismiss brought by defendants R. Rodriguez and H. Singh on August 12, 2014, to which plaintiff filed an opposition on September 2, 2014; (2) a motion to stay discovery pending resolution of their motion to dismiss by defendants Rodriguez and Singh filed on November 16, 2014, opposed by plaintiff on December 1, 2014; and (3) plaintiff's motions to compel discovery filed on December 1, 2014 and December 5, 2014. Defendants Rodriguez and Singh opposed the December 1 2014 motion to compel on December 4, 2014. Defendant Grant Rogero filed an answer to the complaint on October 7, 2014.  On October 15, 2014, the court issued a Discovery and Scheduling Order, setting a discovery deadline of February 27, 2015 and a pretrial dispositive motion deadline of June 26, 2015.  ECF No. 28.

////

1

<u>Plaintiff's Allegations</u>

Plaintiff has alleged that on or about November 8, 2012, while an inmate at Mule Creek State Prison (MCSP), he was rushed to an outside hospital on an emergency basis. He was suffering excruciating abdominal pain and had to be transported by wheelchair once he arrived at San Joaquin General Hospital. He was accompanied by correctional officers (C/O's) R. Rodriguez and H. Singh. Plaintiff had a "C-scan x-ray" taken and then was placed in a holding cell less than five feet from the office of Dr. Grant Rogero (aka Delgados).[1] Upon reading the x-ray, defendant Dr. Rogero left his office and began explaining to defendants Rodriguez and Singh that plaintiff had a lacerated spleen, a bleeding right kidney and a genital wart. The doctor told the officers that he was scheduling a surgery date and went back to his office, emerging within two minutes with a surgery date (unspecified by plaintiff) which he reported to Rodriguez and Singh. Plaintiff overheard Rodriguez tell the doctor that the chosen date was too soon. The doctor told C/O Rodriguez that without surgery plaintiff could die. Plaintiff then heard Rodriguez tell Dr. Rogeros that "the reason he is like this is because he is a snitch." Then plaintiff heard Rodriguez tell the doctor that plaintiff had a pending civil lawsuit against some correctional officers which would go to trial in April. Rodriguez asked Rogero whether he could schedule plaintiff's surgery for some time in April so plaintiff would not be able to go to trial. Complaint, ECF No. 1, at 4-9.[2]

Plaintiff alleges that following this conversation Dr. Rogero returned to his office, whereupon plaintiff heard defendant Singh tell defendant Rodriguez: "Don't do this." Plaintiff explains that this comment refers to Rodriguez' interference with plaintiff's medical needs. However, plaintiff claims that Singh did not himself intervene or ever report what defendant Rogriguez had done. Plaintiff alleges that Dr. Rogero came out of his office with another date for the surgery and Rodriguez again told him that plaintiff had a pending lawsuit against CDCR[3]

---

[1] Although plaintiff refers to Dr. Rogero as "Delgados" through a good portion of his complaint, in the Answer filed by this defendant, he is identified as Dr. Grant Rogero. <u>See</u> ECF No. 27. The court will use the name of Rogero to identify this individual.
[2] The pagination of the court's electronic docketing system is referenced.
[3] California Department of Corrections and Rehabilitation.

2

officers. When plaintiff asked Rodriguez twice what the doctor had said was wrong with him, Rodriguez denied the doctor had told him anything. Rodriguez pushed plaintiff, still handcuffed, shackled and in a wheelchair, from the holding cell toward an elevator and told plaintiff the doctor said plaintiff was to stay overnight at the hospital to see what was wrong with him. Id. at 9-12.

Plaintiff was shackled to a hospital bed in excruciating pain. After twenty minutes, Dr. Rogero walked in and asked plaintiff what the problem was, even though he had just explained to Officers Rodriguez and Singh that plaintiff had a lacerated spleen, bleeding right kidney and genital warts. Plaintiff explained that he had had a previous problem from bleach having been put in his food. When the doctor pushed on plaintiff's left side and right kidney area as he examined him, plaintiff yelled in pain. Dr. Rogero told plaintiff that a nurse would be in to ask some medical questions and take blood and urine samples. Ten minutes later a nurse came in asked medical questions and took blood and urine from plaintiff. Plaintiff explained that he was in excruciating pain and asked for something for the pain. The nurse returned in five minutes with pain medication. Id. at 11-14.

On the second day, when Dr. Rogero asked, plaintiff told him he was still in pain. Plaintiff asked for something to eat as he had not eaten in two days. The doctor told him could not eat because he might need surgery and if he had eaten, he could choke when put to sleep. On the third day, plaintiff had still not eaten. Dr. Rogero introduced plaintiff to the surgeon and explained to the surgeon where plaintiff was having pain and the surgeon responded "ok." Later that day two (unnamed) correctional officers walked into the hospital room and said that Dr. Rogero had signed a release for plaintiff to return to prison. Plaintiff told the officers that he was still in pain but they said he had to return to prison. Plaintiff claims he was then returned to the prison without ever having received adequate medical care. Id. at 14-15.

Plaintiff claims that the defendants retaliated against him in violation of the First Amendment for exercising his right to bring a lawsuit. He also claims that defendants Singh and Rodriguez violated the Eighth Amendment by failing to protect him and preventing him from receiving adequate medical care. Plaintiff alleges defendant Rogero violated his Eighth

3

Amendment rights by being deliberately indifferent to plaintiff's serious medical needs. Id. at 16-19.  Plaintiff seeks compensatory and punitive damages.  Id. at 23-24.

Upon screening, the court determined that the complaint states a cognizable claim for relief pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against: (1) defendant R. Rodriguez for retaliation in violation of the First Amendment and for deliberate indifference under the Eighth Amendment; (2) against defendant Dr. Grant Rogero (aka Delgados) for deliberate indifference to a serious medical need in violation of the Eighth Amendment; and (3) against defendant H. Singh for a failure to protect under the Eighth Amendment.  ECF No. 15.

## MOTION TO DISMISS

Defendants Rodriguez and Singh move for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendants argue that plaintiff fails to state a claim against them upon which relief can be granted because they are overly vague and lack factual specificity.  Motion to Dismiss (MTD), ECF No. 20 at 1-5.

*Legal Standard for Motion to Dismiss under Fed, R. Civ. P. 12(b)(6 )*

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all

4

doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'"  National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

The court may consider facts established by exhibits attached to the complaint.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

Defendant Rodriguez

Defendant Rodriguez argues that the facts as alleged against him are insufficient to state a claim for retaliation or inadequate medical care.  However, defendant appears to conflate what is necessary to state a claim of retaliation with the framing of an Eighth Amendment claim.  ECF No. 20 at 3.

*Retaliation*

To state a First Amendment retaliation claim, a prisoner must allege that "(1) a state actor took an adverse action against him (2) because of (3) the prisoner's protected conduct, and that the action taken against him (4) chilled the prisoner's exercise of his First Amendment Rights and (5) did not reasonably advance a legitimate correctional goal."  Silva v. Di Vittorio, 658 F.3d 1090, 1104 (9th Cir. 2011).

Plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct.  See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989).  The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends

was retaliatory.  Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (citing Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).  A prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."  Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

### *Protected Conduct*

"Under the First and Fourteenth Amendments to the Constitution, state prisoners have a right of access to the courts."  Lewis v. Casey, 518 U.S. 343, 346 (1996).  The Ninth Circuit has held "that prisoners have a right under the First and Fourteenth Amendments to litigate claims challenging their sentences or the conditions of their confinement to conclusion without *active interference* by prison officials."  Silva v. Di Vittorio, 658 F.3d 1090, 1103 (9th Cir. 2011) (emphasis in original).

### *Plaintiff's Allegations State A Retaliation Claim*

The facts as alleged by plaintiff, while not a model of specificity, are sufficient to state a claim of retaliation as to defendant Rodriguez.  Plaintiff claims that defendant Rodriguez retaliated against him for engaging in his First Amendment right to access the courts by telling the defendant doctor that plaintiff was a "snitch" and by seeking an extension of a proposed surgery date in order to delay a lawsuit against correctional officials that would otherwise be going to trial.  The motion to dismiss the claim of retaliation against defendant Rodriguez should be denied.

### *Eighth Amendment*

Defendant Rodriguez argues that plaintiff fails to sufficiently allege that, because of Rodriguez' comments to the doctor, plaintiff received inadequate medical care.  ECF No. 20 at 3.  Defendant bases this assertion on plaintiff's allegations indicating he (plaintiff) was kept in the hospital and seen by medical personnel for three days following Rodriguez' alleged inappropriate communication with the doctor.

### *Inadequate Medical Care Claim*

In order to state a §1983 claim for violation of the Eighth Amendment based on

1  inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence
2  deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).
3  To prevail, plaintiff must show both that his medical needs were objectively serious, and that
4  defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501 U.S. 294, 299
5  (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand). The requisite state of
6  mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 5
7  (1992).

8      A serious medical need exists if the failure to treat a prisoner's condition could result in
9  further significant injury or the unnecessary and wanton infliction of pain. Indications that a
10 prisoner has a serious need for medical treatment are the following: the existence of an injury
11 that a reasonable doctor or patient would find important and worthy of comment or treatment; the
12 presence of a medical condition that significantly affects an individual's daily activities; or the
13 existence of chronic and substantial pain. See, e.g., Wood v. Housewright, 900 F.2d 1332, 1337-
14 41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989).
15 McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX
16 Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

17     In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court established a very
18 demanding standard for "deliberate indifference." Negligence is insufficient. Farmer, 511 U.S.
19 at 835. Even civil recklessness (failure to act in the face of an unjustifiably high risk of harm
20 which is so obvious that it should be known) is insufficient to establish an Eighth Amendment
21 violation. Id. at 836-37. It not enough that a reasonable person would have known of the risk or
22 that a defendant should have known of the risk. Id. at 842. Rather, deliberate indifference is
23 established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to
24 inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (internal
25 citation omitted) (emphasis added).

26     *Plaintiff's Allegations State An Eighth Amendment Claim*
27     Plaintiff alleges that defendant Rodriguez, with knowledge of plaintiff's acute pain,
28 lacerated spleen and bleeding kidney, directly interfered with the scheduling of surgery for no

7

purpose other than to obstruct the trial of plaintiff's lawsuit against prison officials. Plaintiff has pled sufficient facts to state an Eighth Amendment claim against defendant Rodriguez. The alleged facts support an inference that Rodriguez was aware of plaintiff's serious medical need, and not only deliberately disregarded it but thwarted medical treatment. The motion to dismiss should be denied as to the Eighth Amendment claims against defendant Rodriguez.

Defendant Singh

Defendant Singh maintains that his alleged failure to intervene when defendant Rodriguez allegedly actively sought to interfere with plaintiff's medical care meets neither the objective or subjective element of an Eighth Amendment claim. ECF No. 20 at 3-4.

*Failure to Protect*

A prison official's deliberate indifference to a substantial risk of harm to an inmate violates the Eighth Amendment. Farmer v. Brennan, 511 U.S. at 828. Prison officials must ensure not only the safety of the prison staff, administrative personnel and visitors, but also are obliged "to take reasonable measures to guarantee the safety of the inmates themselves." Whitley v. Albers, 475 U.S. 312, 320 [] (1986) (quoting Hudson v. Palmer, 468 U.S. 517, 526 527 [] (1984)). To succeed on a claim of deliberate indifference to the threat of serious harm or injury, plaintiff must demonstrate that the deprivation of his rights was "objectively, 'sufficiently serious.'" Farmer at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). In addition, "a prison official must have 'a sufficiently culpable state of mind.'" Id. (quoting Wilson, 501 U.S. at 297, 302-03).

The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

*Plaintiff's Allegations State A Failure to Protect Claim*

Plaintiff's allegations, if true, would establish that defendant Singh failed to intervene in or report Rodriguez's deliberately indifferent interference with the surgery date. Plaintiff has alleged that Officer Singh failed to act although he was personally aware that plaintiff had been

8

brought in to the hospital in pain and on an emergency basis, heard Dr. Rogero report that plaintiff had a lacerated spleen and bleeding kidney, and knew that Rodriguez' interference in the scheduling of surgery was motivated purely by the desire to interfere with plaintiff's upcoming trial. At the pleading stage, plaintiff has adequately alleged an Eighth Amendment violation. The motion to dismiss should be denied as to defendant Singh.

Defendants' Motion to Stay Discovery

Defendants Rodriguez and Singh filed a motion to stay discovery/protective order, which the court construes as a motion for an extension of time, pending resolution of their motion to dismiss. The court has now adjudicated the motion to dismiss. Should these findings and recommendations be adopted, these defendants will be granted a thirty-day extension of time from the date of the adoption order to serve their responses to discovery requests. In light of that anticipated extension, the court hereby modifies the dates of set forth in the October 15, 2014 Discovery and Scheduling Order. ECF No. 28. The discovery deadline is extended for all parties until April 17, 2015. The pretrial dispositive motion deadline is re-set for September 18, 2015.

Plaintiff's Motions to Compel Discovery

In a motion to compel discovery responses from defendants Singh, Rodriguez and Rogero, filed December 1, 2014, plaintiff contends that defendants have failed to respond to his discovery requests. ECF No. 30. Plaintiff's second motion to compel seeks responses/production from his sets one and two of requests for production propounded upon defendant Rogero. ECF No. 33, filed on December 5, 2014. He also asks that the court find defendant Rogero in default. In his third motion to compel, seeking production from document requests directed to defendant Rogero, filed on December 19, 2014, plaintiff indicates that defendant Rogero has responded to the first set of requests for production but "is still in default" as to the second set. ECF No. 34. Plaintiff also appears to be stating that the responses he has received from defendant Rogero with regard to the first set of requests for production have only been objections. The third motion to compel regarding the two sets of requests for production propounded upon defendant Rogero supersedes the second, which will be vacated.

The court has granted defendants Singh and Rodriguez an extension of time to serve

discovery responses. Plaintiff's motion will be denied as premature as to these defendants but without prejudice. With respect to plaintiff's motions to compel discovery responses and/or production from defendant Rogero, this defendant will be required to file a response to the motions at ECF No. 30 and 34. Defendant Rogero must file his response to plaintiff's motions to compel within twenty-one days.

Accordingly, IT IS ORDERED that:

1. Defendants' November 6, 2014 motion for a stay of discovery, construed as motion for an extension of time, ECF No. 29, is granted. Rodriguez and Singh will have thirty days following the adoption of these findings and recommendations to serve their discovery responses upon plaintiff;

2. The deadlines set forth in the DSO, ECF No. 28, filed on October 15, 2014, are modified as follows: the discovery deadline is extended for all parties until April 17, 2015. The pretrial dispositive motion deadline is re-set for September 18, 2015;

3. Plaintiff's motion to compel discovery, ECF No. 30, from defendants Rodriguez and Singh are denied without prejudice as premature;

4. Plaintiff's motion to compel production responses to his sets one and two propounded upon defendant Rogero, ECF No. 33, is superseded by plaintiff's motion regarding the same requests at ECF No. 34 and ECF No. 35 is hereby VACATED from the court's calendar;

5. Defendant Rogero must file any response to the motion to compel interrogatory answers, ECF No. 30 and the motion to compel responses/production to discovery requests propounded upon him by plaintiff, ECF No. 34, within twenty-one days.

IT IS RECOMMENDED that the motion to dismiss, ECF No. 20, filed by defendants Rodriguez and Singh be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Courts order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 22, 2014

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE