UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL D. SMITH,<br><br>          Plaintiff,<br><br>     v.<br><br>R. RODRIGUEZ, et al.,<br><br>          Defendants. | No. 2:13-cv-2192 JAM AC P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds against three defendants on the following claims: Dr. Grant Rogero, for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment; correctional officer R. Rodriguez, for deliberate indifference to plaintiff's serious medical needs and for retaliation in violation of the First Amendment; and correctional officer H. Singh for failure to protect plaintiff in violation of the Eighth Amendment. The discovery deadline has been extended to April 17, 2015, and the pretrial dispositive motion deadline is now September 18, 2015. ECF No. 36 at 9, 10. This order addresses the parties' current discovery disputes.

I. Plaintiff's Discovery Requests Served on Defendants Singh and Rodriquez

By order filed December 23, 2014, this court extended the time for defendants Singh and Rodriguez to serve plaintiff with their discovery responses until thirty days after the district

1

1  judge's adoption of this court's companion findings and recommendations.  See ECF No. 36 at 9.
2  Therefore, the court agrees with defendants Singh and Rodriquez, ECF No. 32, that plaintiff's
3  motion to compel their discovery, ECF No. 30, was prematurely filed.  There is no current
4  discovery dispute among these parties.

5  II.  Plaintiff's Discovery Requests Served on Defendant Rogero

6       Also on December 23, 2014, this court directed defendant Rogero to file, within twenty-
7  one days, a response to plaintiff's motion to compel Rogero's answers to interrogatories, ECF No.
8  30-1 at 1-7, and plaintiff's motion to compel Rogero's production of documents, ECF No. 34.
9  See ECF No. 36 at 10.[1]  Defendant Rogero timely filed an opposition to each motion.[2]  ECF Nos.
10 38, 39.  Meanwhile, plaintiff filed a third motion to compel, which challenges the substance of
11 Rogero's answers to fourteen of plaintiff's twenty-five interrogatories.  ECF No. 37.

12       A.  Plaintiff's Interrogatories Served on Defendant Rogero

13       The court's Discovery and Scheduling Order requires that a party's discovery responses
14 are due within forty-five days after service of written discovery requests.  ECF No. 28 at 4.
15 Plaintiff's Interrogatories, Set One,[3] were served on defendant Rogero by mail on October 22,
16 2014.  Allowing three days for service of the interrogatories, see Fed. R. Civ. P. 6(d), Rogero's
17 answers were due on or before December 9, 2014.  Rogero timely served an initial response on
18 November 24, 2014, comprised only of legal objections.  See ECF No. 38 at 2; and Exh. B.  On
19 the same date (applying the mailbox rule),[4] and prior to receiving defendant's objections, plaintiff
20 filed a motion to compel, asserting that he had not yet received defendant's answers.  ECF No.

---

[1] As discussed below, the court reinstates plaintiff's motion filed December 22, 2014, ECF No. 35, which challenges the content of defendant Rogero's responses to plaintiff's Request for Production of Documents, Set Two.
[2] Despite his arguments to the contrary, defendant is informed that plaintiff, a state prisoner proceeding pro se, is under no obligation to meet and confer prior to filing a motion compelling discovery.  See Local Rule 230(l).
[3] No party has indicated that plaintiff served a subsequent set of interrogatories.
[4] The filing dates referenced in this discussion apply the prison mailbox rule.  See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by incarcerated inmates).

1  30-1.  Because defendant's answers were not due until December 9, 2014, defendant is correct
2  that the subject motion was prematurely filed, and will be denied on that basis.
3  　　　　　Thereafter, on December 23, 2014, defendant served amended answers to plaintiff's
4  Interrogatories, Set One, which included substantive statements notwithstanding defendant's
5  objections.  ECF No. 38, Exh. A; see also ECF No. 39, Exh. A.  Plaintiff's subsequent challenge
6  to the content of those responses remains outstanding pursuant to plaintiff's motion filed
7  December 29, 2014.  ECF No. 37.  Defendant Rogero states that he will address the substance of
8  this motion in a separate response, see ECF No. 38 at 1 n.1, and is so directed.
9  　　　　　B.  Plaintiff's Requests for Production Served on Defendant Rogero
10 　　　　　Plaintiff's Requests for Production of Documents, Sets One and Two, were served by mail
11 on defendant respectively, on October 23, 2014, and November 2, 2014.  Allowing three days for
12 service of the interrogatories, see Fed. R. Civ. P. 6(d), Rogero's responses and production were
13 due on or before, respectively, December 10, 2014, and December 22, 2014.[5]  On December 4,
14 2014, defendant served legal objections and the statement he "has no responsive documents" in
15 response to each of plaintiff's Set One and Set Two production requests.  ECF No. 39, Exhs. B,
16 C.
17 　　　　　　　1.  Request for Production, Set One
18 　　　　　On December 10, 2014 (applying the mailbox rule), plaintiff filed a motion to compel
19 defendant Rogero to further respond to plaintiff's Request for Production of Documents, Set One.
20 ECF No. 34.  Defendant's argument that plaintiff's motion was prematurely filed, because
21 defendant served his responses within the forty-five day deadline, is inapposite to Set One.
22 Although plaintiff's motion prematurely challenged defendant's asserted failure to respond to Set
23 Two, the motion challenges the specific content of defendant's response to Set One, wherein
24 ////
25 ////
26
27 [5]  Because the 48-day period ended on Saturday, December 20, 2014, it was extended to Monday,
    December 22, 2014.  See Fed. R. Civ. P. 6(a)(1)(C) (period runs until the end of the next day that
28 is not a Saturday, Sunday or legal holiday).

1  plaintiff seeks production of photographs identified in Set One Request Nos. 1 through 8.[6]  In his

2  opposition to the motion, defendant, a contract radiologist, explains that he does not have

3  possession, custody or control of any of the photographs requested by plaintiff, and implies that

4  he has no means to obtain them.  Moreover, the court's review of plaintiff's requests indicates

5  that plaintiff may be asking for specific photographs to be taken and then provided, not that

6  existing photographs be produced.[7]

7  "Property is deemed within a party's 'possession, custody, or control' if the party has

8  actual possession, custody, or control thereof or the legal right to obtain the property on demand."

9  Scott v. Palmer, 2014 WL 6685810, *3 (E.D. Cal. 2014) (citations and internal quotation marks

10 omitted).  The court finds defendant Rogero's responses and objections to plaintiff's production

11 requests, Set One, to be reasonable and legally sufficient.  Therefore, plaintiff's motion to compel

12 defendant Rogero's further responses and production to plaintiff's Request for Production of

13 Documents, Set One, is denied.

14              2.  Request for Production, Set Two

15 In contrast, plaintiff's requests to defendant Rogero pursuant to his Request for Production

16 of Documents, Set Two, appear to seek the production of existing items.[8]  See ECF No. 39-2.

17 The court previously vacated plaintiff's motion to compel further responses to Set Two, ECF No.

18 35, because the motion appeared to be identical to plaintiff's challenge to Set One, ECF No. 34.

19 See ECF No. 36 at 10.  However, further review of these matters demonstrates that defendant

20 Rogero's response to plaintiff's motion to compel, ECF No. 35, is required.  Defendant's

21 response shall be filed and served within fourteen days after the filing date of this order.

22

---

23 [6] Plaintiff's motion incorrectly recounts his Set One production requests.  Although he correctly reproduces Requests Nos. 1 through 7, the first "No. 8" and No. 9 were not part of his original
24 requests.  The second "No. 8" is consistent with the eighth and final request in Set One.  See ECF No. 34 at 6.
25 [7] For example, Request No. 1, Set One, seeks "One inlarged photo of holding cell door while
26 door is fully closed with plastic door slot closed."  (Sic.)  ECF No. 39-3; ECF No. 34 at 5.  The remaining requests seek similar photographs.
27 [8] For example, Request No. 1, Set Two, seeks a "Complete copy of med log's of medication given to Plaintiff while he was admitted at San Joaquin General Hospital."  (Sic.)  ECF No. 39-2;
28 ECF No. 35 at 2.

4

III. Plaintiff's Request for Appointment of Medical Expert

Pursuant to Rule 706, Federal Rules of Evidence, and Rule 35, Federal Rules of Civil Procedure, plaintiff requests appointment of an impartial medical expert for the purpose of examining plaintiff, reviewing his medical records, and assessing the allegations and claims in this case. ECF No. 40 (entitled a "motion to show cause"). Plaintiff seeks an expert "who specialize[s] in radiology, or reading cat-scan x-rays of the kidney and spleen, splenectomy, abdominal organs involved in maintaining the proper condition of blood. . . ." Id. at 2.

The appointment of an independent expert witness is within the court's sound discretion. See Fed. R. Evid. 706(a); Fed. R. Civ. P. 35(a); Walker v. American Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999). Appointment of a neutral expert witness may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or decide a fact in issue. . . ." Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997) (citing Fed. R. Evid. 702).

Plaintiff's request is denied at the present time for the following reasons. First, discovery is still proceeding in this action, and the court has not yet had occasion to review the available evidence. After the court has assesses the quality of the available evidence in deciding a dispositive motion and/or setting this case for trial, the court will also assess whether an independent medical examination of plaintiff and related testimony is necessary to properly resolve this case. Second, although plaintiff frames his request as one for neutral evaluation, it is clear that plaintiff seeks the appointment of an expert to assist in the presentation of his case. This is not the role of a neutral expert. "Reasonably construed, [Rule 706] does not contemplate the appointment of, and compensation for, an expert to aid one of the parties." Trimble v. City of Phoenix Police Dept., 2006 WL 778697, *6 (D. Ariz. 2006) (citation omitted). Moreover, "28 U.S.C. § 1915, the in forma pauperis statute, does not waive payment of fees or expenses for witnesses." Dixon v. Ylst, 990 F.2d 478, 480 (citing Tedder v. Odel, 890 F.2d 210, 211-12 (9th Cir. 1989)).

For these reasons, plaintiff's request for appointment of an impartial medical expert is denied without prejudice.

IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel defendant Rogero to answer plaintiff's Interrogatories, Set One, ECF No. 30-1, is denied as prematurely filed and now moot.

2. Plaintiff's motion to compel defendant Rogero to provide further answers to plaintiff's Interrogatories, Set One, ECF No. 37, remains outstanding (as acknowledged by defendant, see ECF No. 38 at 1 n.1); defendant shall, within fourteen days after the filing date of this order, file and serve a response to plaintiff's motion.

3. Plaintiff's motion to compel defendant Rogero's further responses to plaintiff's Request for Production of Documents, Set One, and for sanctions, ECF No. 34, is denied.

4. Plaintiff's motion to compel defendant Rogero's further responses to plaintiff's Request for Production of Documents, Set Two, ECF No. 35, is reinstated; defendant shall, within fourteen days after the filing date of this order, file and serve a response to plaintiff's motion.

5. Plaintiff's motion for appointment of a medical expert, ECF No. 40, is denied without prejudice.

6. The Clerk of Court shall redesignate defendant's oppositions filed January 13, 2015, as follows:  ECF No. 38 is responsive to ECF Nos. 30 & 37 (ECF No. 37 remains outstanding); ECF No. 39 is responsive to ECF No. 34.  In addition, the Clerk of Court shall indicate that plaintiff's motion at ECF No. 35 has not yet been resolved.

DATED: January 23, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE