UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EARL D. SMITH,

Plaintiff,

v.

R. RODRIGUEZ, et al.,

Defendants.

No. 2:13-cv-2192 JAM AC P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action proceeds against three defendants on the following claims: Dr. Grant Rogero, for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment; correctional officer R. Rodriquez, for deliberate indifference to plaintiff's serious medical needs and for retaliation in violation of the First Amendment; and correctional officer H. Singh for failure to protect plaintiff in violation of the Eighth Amendment. Discovery in this case closed on April 17, 2015 and the pretrial dispositive motion deadline is currently set for September 18, 2015. Presently before the court is defendant Singh's motion for summary judgment, filed February 18, 2015.[1] ECF No. 49-1. Plaintiff's opposition, ECF No. 55, was

[1] Plaintiff's pending discovery motions, ECF Nos. 43, 47, 59, and 60, which concern discovery requested from defendants Rogero and Rodriguez, will be addressed in a separate order.

constructively filed on March 2, 2015,[2] and on March 19, 2015 defendant replied, ECF No. 56.

Plaintiff's Allegations

In his sole claim against defendant Singh, plaintiff alleges that Singh failed to protect plaintiff from harm in violation of plaintiff's Eighth Amendment rights when Singh failed to intervene after he witnessed defendant Rodriguez actively interfere with plaintiff's medical care at San Joaquin General Hospital on November 8, 2012. Specifically, plaintiff alleges that on November 8, 2012, plaintiff experienced excruciating abdominal pain and was rushed from Mule Creek State Prison to an outside hospital where a "c-scan x-ray" was taken. ECF No. 1 at 7. After the x-ray was taken, defendant correctional officers Singh and Rodriguez took plaintiff to a holding cell. From the holding cell, plaintiff overheard defendant Dr. Rogero tell Singh and Rodriguez that plaintiff had a lacerated spleen, a bleeding right kidney, and genital warts and should be scheduled for surgery immediately. Id. at 8. Rodriguez told Dr. Rogero that plaintiff was a snitch who had a civil lawsuit pending against several correctional officers, and asked Dr. Rogero to schedule plaintiff's surgery in April so that plaintiff would not be able to go to trial. Id. at 9. Defendant Singh said to Rodriguez, "Don't do this." Id. Dr. Rogero later proposed another surgery date and Rodriguez again called plaintiff a snitch and made reference to plaintiff's pending lawsuit. Singh did not intervene. Plaintiff remained in the hospital for three days and was returned to prison without obtaining adequate medical care or a scheduled surgery date.[3]

Defendant Singh's Motion for Summary Judgment

I. Arguments of the Parties

A. Defendant's Argument

Defendant Singh moves for summary judgment on the grounds that he "was not present at San Joaquin General Hospital when the alleged events occurred." ECF No. 49-1 at 1, 3. Specifically, defendant asserts that on November 8, 2012, he worked the 6:00 a.m. to 2:00 p.m. shift as a Board of Parole Hearings ("BPH") officer. He did not leave the prison at any time

[2] The prison mailbox rule will be used in determining plaintiff's filing dates since his filings have all been submitted pro se. See Houston v. Lack, 487 U.S. 266 (1988).

[3] A more detailed summary of plaintiff's allegations is set forth in this court's order filed December 23, 2014. See ECF No. 36 at 2-4.

during his shift and had no contact with plaintiff on that day. In support of his motion, defendant submits two declarations, his Employee Attendance Record from November 2012, and a copy of the Central Services second watch sign-in/sign-out sheet dated November 8, 2012. ECF Nos. 49-4, 49-5.

B. Plaintiff's Opposition

Plaintiff submitted a memorandum in opposition to defendant's summary judgment motion, a statement of disputed facts, and a separately-captioned "opposition" to defendant's statement of undisputed facts. ECF No. 55. It is well-established that the pleadings of pro se litigants are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). Nevertheless, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), overruled on another ground by Lacey v. Maricopa County, 693 F.3d 896 (9th Cir. 2012) (en banc). However, the unrepresented prisoners' choice to proceed without counsel "is less than voluntary" and they are subject to the "handicaps . . . detention necessarily imposes upon a litigant," such as "limited access to legal materials" as well as "sources of proof." Jacobsen v. Filler, 790 F.2d 1362, 1364-65 & n.4 (9th Cir. 1986). Inmate litigants, therefore, should not be held to a standard of "strict literalness" with respect to the requirements of the summary judgment rule. Id.

The court is mindful of the Ninth Circuit's more overarching caution in this context, as noted above, that district courts are to "construe liberally motion papers and pleadings filed by pro se inmates and . . . avoid applying summary judgment rules strictly." Ponder, 611 F.3d at 1150. Accordingly, the court considers the record before it in its entirety despite plaintiff's failure to be in strict compliance with the applicable rules. However, only those assertions in the opposition which have evidentiary support will be considered.

In his opposition, plaintiff insists that he correctly identified defendant Singh as the officer who transported him to an outside hospital on November 8, 2012 and maintains that Singh was with plaintiff at San Joaquin General Hospital on that date. ECF No. 55 at 8. Plaintiff does not dispute that defendant Singh was assigned to work as a BHP officer on November 8, 2012, but

contends that Singh's records do not reflect the hours Singh actually works because Singh and another officer sometimes work each other's hours without recording the changes. Plaintiff further alleges that on November 8, 2012, Singh indicated that he was at work for another officer. See id. Plaintiff maintains that regardless of which post Singh was assigned to work on November 8, 2012, Singh did in fact transport plaintiff to San Joaquin General Hospital and was present during the alleged interaction with defendants Rogero and Rodriguez. Id. at 9. In support of his opposition, plaintiff submits his own sworn declaration and several medical documents. ECF No. 55 at 13-29.[4]

C. Defendant's Reply

In reply, defendant Singh argues that plaintiff failed to contradict defendant's evidence that Singh was not present at San Joaquin General Hospital on November 8, 2012. ECF No. 56 at 1-3. Singh asserts that rather than "set[ting] out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents that contradict" defendant's evidence, plaintiff has merely restated the claims made in his complaint. Id. at 1-2. Defendant argues that because plaintiff "provides no evidence to support his claim that defendant Singh was at San Joaquin General Hospital on November 8, 2012," defendant is entitled to summary judgment. Id. at 3.[5]

II. Legal Standard for Rule 56 (Summary Judgment) Motions

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[4] Plaintiff also asserts that defendant Singh filed his motion for summary judgment prematurely, approximately two months before discovery closed, in an attempt to avoid responding to plaintiff's discovery requests, which may have yielded evidence in support of plaintiff's claim that Singh was with plaintiff at San Joaquin General Hospital on November 8, 2012. ECF No. 55 at 2-4. Specifically, it appears that plaintiff requested copies of Mule Creek State Prison's transportation log for November 8, 2012 in order to corroborate his claim that defendants Singh and Rodriguez transported plaintiff to an outside hospital on that date. However, plaintiff goes on to speculate that the transportation log might not contain defendant Singh's name because Singh could have signed the log with another officer's name. See ECF No. 55 at 4, 9.

[5] With respect to the discovery issue, defendant asserts that his responses to plaintiff's discovery were not yet due at the time plaintiff filed his opposition, and that defendant has since responded to all of plaintiff's discovery requests. Id. at 3.

Civ. P. 56(a). Under summary judgment practice, the moving party "initially bears the burden of proving the absence of a genuine issue of material fact." Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Securities Litigation), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admission, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).

When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325); see also Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment ... is satisfied." Id. at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. See Fed. R. Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. Moreover, "[a] Plaintiff's verified complaint may be considered as an affidavit in opposition to summary judgment if it is based on personal

knowledge and sets forth specific facts admissible in evidence." Lopez v. Smith, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc).[6]

The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Assoc., 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U .S. at 587 (citations omitted).

"In evaluating the evidence to determine whether there is a genuine issue of fact," the court draws "all reasonable inferences supported by the evidence in favor of the non-moving party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011) (per curiam). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244–45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. … Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

In applying these rules, district courts must "construe liberally motion papers and pleadings filed by pro se inmates and … avoid applying summary judgment rules strictly."

---

[6] Plaintiff filed a verified complaint in this case. See ECF No. 1.

Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010). However, "[if] a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion …." Fed. R. Civ. P. 56(e)(2).

III. Undisputed Facts

- At all times relevant to the complaint, plaintiff was housed at Mule Creek State Prison ("MCSP").[7] Separate Statement of Undisputed Facts in Support of Defendant Singh's Motion for Summary Judgment ("Facts") (ECF No. 49-2) ¶ 1.

- With respect to defendant Singh, plaintiff's complaint concerns events that allegedly occurred at San Joaquin General Hospital on November 8, 2012. See ECF No. 1 at 7.

- On November 8, 2012, defendant Singh was employed at Mule Creek State Prison. Facts ¶ 2.

- In November 2012, and continuing to the present time, defendant Singh's usual employment assignment was as a Board of Parole Hearings ("BPH") officer at Mule Creek State Prison. As a BPH officer, Singh escorts inmates to their parole consideration hearings, guards them during the hearings, and returns them to their cells at the conclusion of the hearings. Facts ¶ 3.

- It is not within the normal duties of a BPH officer to go to the infirmary, receiving or release, or accompany an inmate outside of the institution. Declaration of R. Giovachinni ("Giovachinni Decl.") (ECF No. 49-5) ¶ 3.

- At times, defendant Singh works overtime in different assignments, including in Mule Creek's treatment hospital. Declaration of H. Singh ("Singh Decl.") (ECF No. 49-4) ¶ 3.

- Singh has also worked as a transportation officer, where he assists another officer in escorting an inmate to an outside medical facility for treatment that cannot be provided at Mule Creek. Singh Decl. ¶ 3.

- An inmate who had a medical appointment outside of MCSP would be accompanied by officers assigned to Transport. Giovanchinni Decl. ¶ 4.

- On November 8, 2012, defendant Singh was assigned to work the second watch shift, from 6:00 a.m. until 2:00 p.m., as a Board of Parole Hearings officer. Singh Decl. ¶ 4; Giovachinni Decl. ¶ 3, Exh. A (Employee Attendance Record for November 2012) at 4, Exh. C (sign-in/sign-out sheet for November 8, 2012) at 9.

---

[7] Where, as here, defendant's Undisputed Facts are supported by the submitted evidence, and not contested by plaintiff, the court cites only to the relevant paragraph of defendant's Undisputed Facts.

- Singh declares that on November 8, 2012, he "worked [his] normal second watch shift, and was assigned to the Board of Parole Hearings." Singh Decl. ¶ 4.

- Singh declares that on November 8, 2012, he did not leave the prison at any time during his shift. Singh Decl. ¶ 4.

- Singh declares that on November 8, 2012, he did not work as transportation officer. Singh Decl. ¶ 4.

- Singh declares that on November 8, 2012, he did not transport plaintiff. Singh Decl. ¶ 5.

- Singh declares that on November 8, 2012, he did not have contact with plaintiff at the Mule Creek treatment hospital. Singh Decl. ¶ 6.

- According to Singh's "Employee's Attendance Record and PALS Worksheet," Singh worked only one shift on November 8, 2012. See Giovanchinni Decl. Exh. A at 4.

- The "Post Assignment Schedule" for Mule Creek State Prison indicates that the position of Board of Parole Hearings officer corresponds to the post code "261080." Giovanchinni Decl. ¶ 3, Exh. B at 6.

- Singh's "Employee's Attendance Record and PALS Worksheet" indicates that on November 8, 2012, Singh was assigned to work as a BPH officer, as indicated by the post code 261080. Giovanchinni Decl. Exh. A at 4.

- The November 8, 2012 sign-in/sign-out sheet for the Central Services second watch shift indicates that Singh was assigned to work as a BPH officer on that date, as reflected by the post code 261080 next to Singh's name. The sheet bears a signature in both the sign-in and sign-out boxes corresponding to Singh's name. See Giovachinni Decl. Exh. C at 9.

IV. Plaintiff's Evidence

In his opposition to defendant's summary judgment motion, plaintiff asserts the following:

- On November 8, 2012, defendant Singh transported plaintiff from Mule Creek State Prison to an outside treatment facility, San Joaquin General Hospital. ECF No. 55 (Plaintiff's Opposition to Undisputed Facts) at 8.

- On the morning of November 8, 2012, before Singh escorted him to the hospital, plaintiff heard defendant Singh discussing an arrangement he had whereby Singh and another unnamed officer work each other's hours and sign in for each other in order to have an extra day off without missing any hours at their respective jobs. Plaintiff understood from Singh's conversation that Singh was "at work for another corrections officer" that day. See ECF No. 55 (Plaintiff's Opposition to Undisputed Facts) at 8.

- On November 8, 2012, defendant Singh spoke to plaintiff before plaintiff's "c-scan x-ray" and then wheeled plaintiff into a holding cell after the x-ray at San Joaquin General Hospital. ECF No. 55 (Plaintiff's Declaration) at 26. See also ECF No. 1 (Complaint).

- While plaintiff was in the holding cell at San Joaquin General Hospital, plaintiff overheard a conversation between defendants Singh, Rodriguez, and Rogero in which Rogero told Singh and Rodriguez that plaintiff had a lacerated spleen, a bleeding right kidney, and a genital. Plaintiff heard Rogero say that plaintiff should be scheduled for surgery immediately. When Rogero informed Rodriguez and Singh of plaintiff's surgery date, plaintiff heard Rodriguez call plaintiff a snitch and say that plaintiff had a pending civil lawsuit against several correctional officers. Plaintiff heard Rodriguez ask Rogero to schedule plaintiff for surgery in April so that plaintiff could not go to trial. ECF No. 55 (Plaintiff's Decl.) at 25-26. See also ECF No. 1 (Complaint).

- Rogero returned to his office while defendants Singh and Rodriguez stood in the hallway. Plaintiff heard Singh say to Rodriguez, "Don't do this." Plaintiff called out to them through the door. Rodriguez came to the door and plaintiff asked him what the doctor said. Rodriguez shut the plastic door slot and walked away. ECF No. 55 (Plaintiff's Decl.) at 26. See also ECF No. 1 (Complaint).

- Approximately twenty minutes later, Singh and Rodriguez opened the door of plaintiff's holding cell and approached plaintiff aggressively. Rodriguez then took plaintiff on the elevator to another floor. ECF No. 55 (Plaintiff's Decl. at 26-27). See also ECF No. 1 (Complaint).

- Plaintiff remained in the hospital for three days and was discharged without receiving a surgery date. ECF No. 55 (Plaintiff's Decl.) at 28-29. See also ECF No. 1 (Complaint).

## V. Legal Standards Governing Eighth Amendment Failure to Protect Claim

A prison official's deliberate indifference to a substantial risk of harm to an inmate violates the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 828 (1970). Prison officials must ensure not only the safety of the prison staff, administrative personnel and visitors, but also are obliged "to take reasonable measures to guarantee the safety of the inmates themselves." Whitley v. Albers, 475 U.S. 312, 320 (1986) (quoting Hudson v. Palmer, 468 U.S. 517, 526 527 [] (1984)). To succeed on a claim of deliberate indifference to the threat of serious harm or injury, plaintiff must demonstrate that the deprivation of his rights was "objectively, 'sufficiently serious.'" Farmer, 511 U.S. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). In

addition, "a prison official must have 'a sufficiently culpable state of mind.'" Id. (quoting Wilson, 501 U.S. at 297, 302-03). The prison official will be liable only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

## VI. Analysis

The question presented in the instant motion is whether the record contains evidence from which a rational trier of fact could conclude that defendant Singh was present at San Joaquin General Hospital on November 8, 2012 when the alleged violation of plaintiff's rights occurred. See Matsushita, 475 U.S. at 587. This issue is material because plaintiff's claim that Singh knew of and disregarded a risk to plaintiff's health and safety is predicated on his assertion that Singh was at San Joaquin General Hospital on November 8, 2012 and witnessed defendant Rodriguez's alleged interference with plaintiff's medical care.

Defendant argues that he was not present at San Joaquin General Hospital on November 8, 2012. In support of this contention, defendant submits his employee attendance record for November 2012, a copy of the Central Services sign-in/sign-out sheet for November 8, 2012, and his own declaration. These documents establish that on November 8, 2012, defendant was assigned to work the second watch shift from 6:00 a.m. to 2:00 p.m. as a BPH officer at Mule Creek State Prison. Defendant's declaration that he did not work as a transportation officer that day and did not leave the prison during his assigned shift establishes that between 6:00 a.m. and 2:00 p.m., defendant was at Mule Creek State Prison, and not at San Joaquin General Hospital.[8] While defendant has put forth no evidence regarding his whereabouts after the second watch shift ended at 2:00 p.m., his employee attendance record indicates that he worked only one shift on November 8, 2012, which tends to establish that he did not work as a MCSP correctional officer after 2:00 p.m. on that date. Because defendant's evidence establishes that he worked only one

[8] The court notes that while Singh's evidence tends to establish that Singh was not at San Joaquin General Hospital between 6:00 a.m. and 2:00 p.m. on November 8, 2012, plaintiff does not allege in his complaint that the conversation he overheard between Singh, Rogero, and Rodriguez took place between 6:00 a.m. and 2:00 p.m. See ECF No. 1.

shift on November 8, 2012 and did not leave the prison during his shift, the court finds that defendant has satisfied his initial burden on summary judgment of demonstrating an absence of a genuine dispute of material fact as to Singh's presence at San Joaquin General Hospital when the alleged violation of plaintiff's rights occurred.

Because defendant has carried his initial burden, the burden now shifts to plaintiff to produce affirmative evidence demonstrating that a genuine issue of material facts exists. To survive summary judgment, plaintiff must produce some evidence tending to show that defendant Singh was present at San Joaquin General Hospital on November 8, 2012 when the alleged interference with plaintiff's medical care occurred.

In determining whether plaintiff has met his burden, the court first notes that because plaintiff is proceeding pro se, the court "must consider as evidence in opposition to summary judgment all of [plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." Jones v. Blanas, 393 F.3d 918, 922-23 (9th Cir. 2004) (internal citations omitted). See also Johnson v. Meltzer, 134 F.3d 1393, 1399–1400 (9th Cir.1998) (verified motions admissible to oppose summary judgment). Here, plaintiff filed a verified complaint and a verified opposition to defendant's summary judgment motion.[9] Schroeder v. McDonald, 55 F.3d 454, 460 n. 10 (9th Cir. 1995) (pleading counts as "verified" if the drafter states under penalty of perjury that the contents are true and correct). Accordingly, the court considers the factual contentions set forth in both documents to the extent they are based on plaintiff's personal knowledge and can be presented in an admissible form at trial.

While plaintiff's opposition is not a model of clarity, plaintiff does address Singh's assertion that he was not present at San Joaquin General Hospital on November 8, 2012. First,

---

[9] The court notes that while plaintiff's opposition includes separate signatures at the bottom of each section, the motion was filed as one document and includes a verification on the last page of the motion, prior to the proof of service. See ECF No. 55 at 29. In light of the liberal construction of pro se pleadings, the court finds this verification sufficient to render plaintiff's opposition a verified pleading.

plaintiff recounts his own interactions with Singh on November 8, 2012, which plaintiff declares took place at San Joaquin General Hospital. Specifically, plaintiff declares that while at San Joaquin General Hospital, Singh informed plaintiff that he had to get an x-ray; that defendants Singh and Rodriguez pushed or wheeled plaintiff inside a holding cell following the x-ray; that plaintiff heard defendant Rogero discussing plaintiff's medical condition with Singh and defendant Rodriguez; that plaintiff heard Singh say "don't do this" to defendant Rodriguez; and that defendants Singh and Rodriguez later approached plaintiff "aggressively" while he was seated shackled in a wheelchair before Rodriguez wheeled plaintiff into the hospital elevator. See ECF Nos. 1, 55. These factual contentions, which are within plaintiff's personal knowledge and can be presented in an admissible form at trial through plaintiff's direct testimony, directly contradict defendant's assertion that he was not present at San Joaquin General Hospital on November 8, 2012.

Plaintiff also offers an explanation for the discrepancy between defendant's records and plaintiff's claim that Singh was at San Joaquin General Hospital on November 8, 2012. Specifically, plaintiff asserts that on the morning of November 8, 2012, before Singh transported plaintiff to San Joaquin General Hospital, plaintiff heard Singh discussing an arrangement he had with another officer. ECF No. 55 at 8. Plaintiff asserts that Singh described an arrangement whereby Singh and another officer sometimes work each other's hours and sign-in for each other in order to have an extra day off without appearing to miss any of their own assigned hours. Plaintiff appears to assert that Singh indicated he was at work for another officer that day. See id. Because plaintiff explicitly states that his knowledge of this arrangement is based on statements he heard Singh make, the court considers this evidence on summary judgment because plaintiff has personal knowledge of Singh's statements and the statements could be presented in an admissible form at trial through plaintiff's direct testimony.[10]

Construed in the light most favorable to plaintiff, the above evidence suggests that Singh

---

[10] While defendant has not raised any specific objections to (or even addressed) this particular evidence, the court notes that Singh's statements would not be hearsay if offered against Singh at trial because an opposing party's statements are not hearsay when offered against the opposing party. See Fed. R. Evd. 801(d)(2).

does not work all of his assigned hours himself and that Singh sometimes works hours that are not assigned to him without recording the change. Based on this evidence, a rational trier of fact could conclude that the records offered by Singh on summary judgment, including his employee attendance sheet and the Central Services sign-in/sign-out sheet, do not necessarily establish that Singh actually worked his assigned shift on November 8, 2012 or that he worked only one shift on that day. In this regard, the court notes that although Singh repeatedly argues in his summary judgment motion that he was not at San Joaquin General Hospital on November 8, 2012, he does not state this in his declaration.[11] Nor does Singh declare that he worked only one shift on November 8, 2012. While the omission may have been inadvertent, Singh's own declaration leaves open the possibility that Singh encountered plaintiff at San Joaquin General Hospital at some point on November 8, 2012. In light of plaintiff's sworn declaration attesting to his personal interactions with Singh on November 8, 2012 and plaintiff's evidence calling into question the weight of records offered by defendant on summary judgment, a rational trier of fact could credit plaintiff's testimony and conclude that Singh was at San Joaquin General Hospital on November 8, 2012 when the alleged violation of plaintiff's rights occurred, despite being assigned to work elsewhere.

Viewing the evidence in the light most favorable to the non-moving party, the undersigned finds that there is a genuine dispute of fact as to whether Singh was present at San Joaquin General Hospital on November 8, 2012. Accordingly, it is recommended that Singh's motion for summary judgment be denied.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant Singh's motion for summary judgment (ECF No.49) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

---

[11] Defendant declares that he did not encounter plaintiff in the Mule Creek treatment hospital on November 8, 2012, but makes no mention of San Joaquin General Hospital anywhere in his declaration. See ECF No. 49-4 at 1-2.

objections with the court, which shall be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Due to exigencies in the court's calendar, no extensions of time will be granted.** A copy of any objections filed with the court shall also be served on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 24, 2015

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE