1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  EARL D. SMITH,                              No.  2:13-cv-2192 JAM AC P

12               Plaintiff,

13        v.                                    ORDER

14  R. RODRIGUEZ, et al.,

15               Defendants.

16

17        Plaintiff is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42

18  U.S.C. § 1983.  This action proceeds against three defendants on the following claims: Dr. Grant

19  Rogero,[1] for deliberate indifference to plaintiff's serious medical needs in violation of the Eighth

20  Amendment; correctional officer R. Rodriquez, for deliberate indifference to plaintiff's serious

21  medical needs and for retaliation in violation of the First Amendment; and correctional officer H.

22  Singh for failure to protect plaintiff in violation of the Eighth Amendment.  This order addresses

23  the parties' discovery disputes.[2]

24  ////

25  ─────────────────────

    [1]  Defendant Rogero is represented by private counsel.

26  [2]  Due to the court's internal staffing constraints and caseload burdens, the discovery matters in
    this action were not promptly addressed prior to expiration of the discovery and motion deadlines.

27  Nevertheless, the court here authorizes all additional appropriate discovery and will accord an
    opportunity for supplemental briefing of pending motions if later deemed necessary.

28

                                            1

1        I.        Plaintiff Allegations

2            Plaintiff alleges that on November 8, 2012, plaintiff experienced excruciating abdominal

3    pain and was rushed from Mule Creek State Prison to an outside hospital where a "c-scan x-ray"

4    was taken.  ECF No. 1 at 7.  After the x-ray was taken, defendant correctional officers Singh and

5    Rodriguez took plaintiff to a holding cell near defendant Rogero's office.  From the holding cell,

6    plaintiff overheard defendant Dr. Rogero tell Singh and Rodriguez that plaintiff had a lacerated

7    spleen, a bleeding right kidney, and genital warts and should be scheduled for surgery

8    immediately.  Id. at 8.  Rodriguez told Dr. Rogero that plaintiff was a snitch who had a civil

9    lawsuit pending against several correctional officers, and asked Dr. Rogero to schedule plaintiff's

10   surgery in April so that plaintiff would not be able to go to trial.  Id. at 9.  Dr. Rogero later

11   proposed another surgery date and Rodriguez again called plaintiff a snitch and made reference to

12   plaintiff's pending lawsuit.  Plaintiff remained in the hospital for three days and was returned to

13   prison without obtaining adequate medical care or a scheduled surgery date.[3]

14       II.       Legal Standards Common to All Discovery

15           Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

16   party's claim or defense and, for good cause, the court may order discovery of any matter relevant

17   to the subject matter involved in the action.  Fed. R. Civ. P. 26(b)(1).  Relevant information need

18   not itself be admissible at trial provided the discovery appears reasonably calculated to lead to the

19   discovery of admissible evidence.  Id.

20           Generally, if the responding party objects to a discovery request, the party moving to

21   compel bears the burden of demonstrating why the objections are not justified.  See e.g., Grabek

22   v. Dickinson, 2012 WL 113799, *1, 2012 U.S. Dist. LEXIS 4449 (E.D. Cal. 2012); Womack v.

23   Virga, 2011 WL 6703958, *3, 2011 U.S. Dist. LEXIS 1 (E.D. Cal. 2011).  This requires the

24   moving party to inform the Court which discovery requests are the subject of the motion to

25   compel, and, for each disputed response, why the information sought is relevant and why the

26

27   _____

[3]  A more detailed summary of plaintiff's allegations is set forth in this court's order filed
December 23, 2014.  See ECF No. 36 at 2-4.

28

2

responding party's objections are not meritorious.  Grabek, 2012 WL 113799 at *1; Womack, 2011 WL 6703958 at *3.

The court is vested with broad discretion to manage discovery, Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Survivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) and, where the discovery request seeks information which, based on the record, is clearly within the scope of discovery and the objection lacks merit, the court may elect to exercise its discretion to reach the merits of the dispute.  See e.g., Marti v. Baires, 2012 WL 2029720, *3, 2012 U.S. Dist. LEXIS 77962 (E.D. Cal. 2012); Williams v. Adams,  2009 WL 1220311, *1, 2009 U.S. Dist. LEXIS 37515 (E.D. Cal. 2009).  The court must limit discovery if the burden of producing it outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(2)(C)(iii).  "In each instance, the determination whether ... information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action."  Fed. R. Civ. P. 26 Advisory Committee's Note (2000 Amendment), Gap Report re. Subdivision (b)(1).

III.    Plaintiff's Discovery Requests Served on Defendant Rogero

With respect to defendant Rogero, the following three motions are presently before the court: (1) plaintiff's motion to compel Rogero to provide further responses to plaintiff's Request for Production of Documents, Set One, ECF No. 43; (2) plaintiff's motion to compel Rogero to respond to Request for Production of Documents, Set Two, ECF No. 35; and (3) plaintiff's motion to compel Rogero to provide further responses to Interrogatories, Set One, ECF No. 37.

A.   Request for Production, Set One (ECF No. 43)

On October 23, 2014, plaintiff served Request for Production of Documents, Set One on defendant Rogero, seeking production of eight photographs of the interior of San Joaquin General Hospital, where the alleged violation of plaintiff's rights took place.  On December 4, 2014, Rogero served timely legal objections to Set One and stated in response to each production request that he "has no responsive documents."  See ECF No. 39-3, Exh. C.

On December 10, 2014 (applying the mailbox rule), plaintiff filed a motion to compel Rogero to provide further responses to plaintiff's Request for Production of Documents, Set One.

1   ECF No. 34.  On January 13, 2015, Rogero opposed the motion on the grounds that, as a contract

2   radiologist who is not an employee of San Joaquin General Hospital, he does not have possession,

3   custody, or control of any of the photographs requested by plaintiff.  ECF No. 39.  Rogero also

4   implied that he had no means to obtain such photographs.  Id.

5        By order dated January 26, 2015, the court denied plaintiff's motion to compel further

6   responses to Request for Production of Documents, Set One.  ECF No. 42.  The court's review of

7   plaintiff's requests indicated that, rather than asking for existing photographs to be produced,

8   plaintiff appeared to be asking for photographs to be taken and then provided to him.  The court

9   denied plaintiff's motion, finding Rogero's responses to be reasonable and legally sufficient.

10  ECF No. 42 at 4.

11       On January 14, 2015, plaintiff filed the instant motion to compel, ECF No. 43, again

12  seeking further responses from defendant Rogero to Request for Production of Documents, Set

13  One.[4]  Here, plaintiff takes issue with Rogero's statement that Rogero does not have possession,

14  custody, or control of the requested photos.[5]  Specifically, plaintiff appears to argue that Rogero

15  subpoenaed the requested photos (along with other documents) from San Joaquin General

16  Hospital, but has failed to turn them over to plaintiff.  ECF No. 43 at 2-3.

17       In opposition to plaintiff's motion, defendant Rogero argues that the court already denied

18  plaintiff's motion to compel further responses to Request for Production of Documents, Set One.

19  Rogero contends that plaintiff's current motion presents no new facts or arguments, and fails to

20  refute the court's conclusion that Rogero's responses to Set One were reasonable and legally

21  sufficient.  ECF No. 52.

22       Defendant Rogero's argument is well taken.  Plaintiff's request for an order compelling

23

24  [4]  Plaintiff's motion appears to be a response to ECF No. 39, Rogero's opposition to plaintiff's
    initial motion to compel further responses to Request for Production of Documents, Set One, ECF
25  No. 34.  In the instant motion, plaintiff does not set forth the individual production requests, but
    instead states that he is objecting to defendant Rogero's responses "for the second time."  See
26  ECF No. 43 at 2.
    [5]  Plaintiff also argues that his production requests were not vague or ambiguous.  ECF No. 43 at
27  2.

28

4

1   further responses to Request for Production of Documents, Set One has already been denied.

2   ECF No. 42.  Plaintiff's only new argument is that Rogero now has possession of the requested

3   photos because he obtained them by subpoena.  See ECF No. 43.  If defendant Rogero has

4   obtained possession, custody, or control of the requested photos, he is required to supplement his

5   responses to plaintiff's discovery requests.  See Fed. R. Civ. P. 26(e).  However, at present there

6   is no reason to believe the photos exist, much less that defendant Rogero has obtained possession

7   of them.  Plaintiff's motion to compel further responses to Production of Documents, Set One is

8   denied.

9       In his motion to compel, plaintiff also requests a court order compelling defendant Rogero

10   to produce the records Rogero obtained by subpoena from San Joaquin General Hospital, Mule

11   Creek State Prison, and Kern Valley State Prison.  ECF No. 43 at 3.  However, this request was

12   not included in the Request for Production of Documents, Set One served on defendant Rogero,[6]

13   see ECF No. 39-3 at 1-4, and it is unclear whether plaintiff served a RFP on defendant Rogero

14   requesting production of all the documents defendant received by subpoena.[7]  Because plaintiff

15   has not established that he served a discovery request for these documents on defendant Rogero

16   prior to filing the instant motion to compel, the undersigned must deny plaintiff's motion to

17   compel with respect to his general request for all the documents defendant Rogero received by

18   subpoena from San Joaquin General Hospital, Kern Valley State Prison, and Mule Creek State

19   Prison.[8]

20       B.  Request for Production, Set Two (ECF No. 35)

21       On November 2, 2014, plaintiff served Request for Production of Documents, Set Two on

22

23   [6]  In the Request for Production of Documents, Set One, plaintiff requested only photographs
     from defendant Rogero.  See ECF No. 39-3 at 1-4.

24   [7]  Defendant Rogero does not address this request in his opposition to plaintiff's motion to
     compel.  See ECF No. 52.

25   [8]  The court notes that some of the documents defendant Rogero received by subpoena from San
     Joaquin General Hospital and Kern Valley State Prison are attached as Exhibits C and D to

26   Rogero's motion for summary judgment.  See ECF No. 69-7 at 12-25.  However, the court will
     not deny plaintiff's motion on mootness grounds as it is unclear whether these exhibits contain all

27   the documents defendant Rogero received.

28

1    defendant Rogero, seeking production of a list of medications given to plaintiff at San Joaquin

2    General Hospital on November 8, 2014, a copy of plaintiff's "x-ray c-scan," a voice recording of

3    the doctor's diagnosis of plaintiff's injuries, security footage of plaintiff shackled to his hospital

4    bed, and a copy of hospital procedures regarding inmate wards.  On December 4, 2014, Rogero

5    served legal objections and stated that he had no responsive documents.

6         On December 14, 2014 (applying the mailbox rule), plaintiff filed the present motion to

7    compel further responses to Request for Production, Set Two.  ECF No. 35.  On December 23,

8    2014, the court vacated ECF No. 35 as duplicative of plaintiff's December 10, 2014 motion to

9    compel, ECF No. 34.  However, upon further review, the court later determined that Rogero's

10   response to ECF No. 35 was required, and ordered Rogero to respond within fourteen days of the

11   court's January 26, 2015 order.  ECF No. 42.

12        On February 5, 2015, Rogero filed an opposition plaintiff's motion to compel further

13   responses to Request for Production, Set Two.  ECF No. 45.  Defendant argues that plaintiff's

14   motion should be denied because Rogero does not have possession, custody, or control of the

15   requested documents and because plaintiff did not attempt to confer in good faith before filing his

16   motion compel.[9]  ECF No. 45 at 1-2.

17                          i.   Failure to Meet and Confer

18        Defendant argues that plaintiff's motion to compel should be denied because plaintiff did

19   not file a certification that he attempted to confer in good faith with defendant Rogero before

20   filing his motion to compel, in violation of Federal Rule of Civil Procedure 37(d)(1)(B).  ECF No.

21   45 at 2, 4-5.  Rule 37(d)(1)(B) provides that "[a] motion for sanctions for failing to answer or

22   respond must include a certification that the movant has in good faith conferred or attempted to

23   confer with the party failing to act in an effort to obtain the response without court action."  Fed.

24   R. Civ. P. 37(d)(1)(B).  Because the court finds that plaintiff's motion does not include a request

25   _____

26   [9]  Defendant's also includes a number of boilerplate objections to each production request, none
     of which are supported by argument or explanation.  See ECF No. 45.  However, defendant

27   provides responses to plaintiff's requests notwithstanding his objections.  In each response,
     defendant asserts that he has no responsive documents.  See id.

28

1   for sanctions against defendant Rogero,[10] Rule 37(d)(1)(B) is not applicable to the instant motion.

2   To the extent defendant means to assert that plaintiff's failure to file a certification violates Rule

3   37(a), the court declines to enforce the rule against plaintiff here because of his pro se status.

4   Plaintiff's failure to file the certification will not provide grounds for denying the motion.

5                    ii.   Lack of Possession, Custody, or Control

6            Pursuant to Rule 34(a), documents sought in discovery motions must be within the

7   "possession, custody, or control" of the party upon whom the request is served. Fed. R. Civ. P.

8   (34)(a). "A party need not have actual possession of the documents to be deemed in control of

9   them . . . A party that has a legal right to obtain certain documents is deemed to have control over

10  the documents." Branch v. Umphenour, No. 1:08-CV-01655-AWI, 2014 WL 3891813, at *8

11  (E.D. Cal. Aug. 7, 2014) (internal citations and quotations omitted).

12           **RFP No. 1, Set Two:** Complete copy of med log's of medication
13           given to Plaintiff while he was admitted to San Joaquin General
             Hospital.

14           **Response:** Objection.  This request for production is objected to as
15           vague and ambiguous, and is not reasonably calculated to lead to
             the discovery of admissible evidence.  Without waiving these
16           objections, responding party has no responsive documents.

17           Plaintiff seeks to compel production of a list or log of the medications he received during

18  his stay at San Joaquin General Hospital. ECF No. 35 at 2.  In light of plaintiff's allegation that

19  on November 8, 2012, defendant Rogero initially determined that plaintiff required surgery but

20  changed his mind for non-medical reasons, plaintiff's medication list is relevant and reasonably

21  calculated to lead to the discovery of admissible evidence related to plaintiff's physical condition

22  on that date.

23           In his opposition, defendant emphasizes that he is not an employee of San Joaquin

24  General Hospital and that he does not have possession, custody, or control of the requested

25  documents.  ECF No. 45 at 3.  However, the court's review of the record indicates that defendant

26  subpoenaed plaintiff's medical records from San Joaquin General Hospital on December 2, 2012.

27  ───────────────────
    [10]  Plaintiff brought his motion to compel pursuant to Rule 37(a).  See ECF No. 35 at 1.
28

                                                    7

See ECF No. 69-7 (Defendant Rogero's Motion for Summary Judgment) at 15-19.  It is unclear

whether defendant received the requested documents from San Joaquin General Hospital prior to

filing his opposition to plaintiff's motion, or if defendant later provided the requested documents

to plaintiff.  Accordingly, defendant shall be required to file a statement with the court indicating

whether the documents he obtained by subpoena from San Joaquin General Hospital, Mule Creek

State Prison, or Kern Valley State Prison included any records related to medications plaintiff

received while plaintiff was a patient at San Joaquin General Hospital in November 2012.  If

defendant received any records related to plaintiff's medications, he shall produce them to

plaintiff.

> **RFP No. 2, Set Two:** Plaintiff is request actual xray c-scan by
> Linda Hodges on November 8, 2012 to be logged in the courts as
> evidence of Plaintiff.

> **Response:** Objection.  This request for production is objected to as
> an improper request for production of documents, vague and
> ambiguous, overbroad, violates doctor-patient confidentiality, and
> is not reasonably calculated to lead to the discovery of admissible
> evidence.  Without waiving these objections, responding party has
> no responsive documents.

While defendant objects to plaintiff's request as vague and ambiguous, the court finds

plaintiff's request to be reasonably interpreted as asking for a copy of the x-rays from plaintiff's

November 8, 2012 CT scan, as opposed to the report interpreting the scan.  The x-rays are

relevant to plaintiff's physical condition as of November 8, 2012, and their relevance is made

more clear by defendant's argument on summary judgment that plaintiff did not require surgery

and did not have a serious medical need.  See ECF No. 69 at 1.  However, to the extent plaintiff

seeks to require defendant to file a copy of the x-rays with the court on plaintiff's behalf, the

request is improper and will be denied.

Because of plaintiff's pro se status, the court will also consider whether defendant should

be required to produce the x-rays to plaintiff himself.  See Ferdik v. Bonzelet, 963 F.2d 1258,

1261 (9th Cir.1992) (the inartful pleadings of pro se litigants are to be liberally construed);

Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988) (pro se litigants should not

lose their right to a hearing on the merits of their claim "due to ignorance of technical procedural

8

requirements"). Defendant asserts that he has no documents responsive to plaintiff's request.

However, because it is unclear whether defendant later received the x-rays by way of subpoena,[11]

defendant will be required to file a declaration with the court indicating whether plaintiff's

November 8, 2012 x-rays were included in the documents defendant received from San Joaquin

General Hospital, Mule Creek State Prison, or Kern Valley State Prison. If defendant received

the x-rays, he shall be required to produce them to plaintiff.

> **RFP No. 3, Set Two:** One copy of recorded voice: # 537974090/Job # 913115 of doctor of Plaintiff diagnosis on 11-8-12 time 16:36:00 and 11-9-12 time 7:40:00 to be sent directly to Plaintiff.

> **Response:** Objection. This request for production is objected to as vague and ambiguous, and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, responding party has no responsive documents.

The court finds that plaintiff's request for "recorded voice: # 537974090/Job # 913115" is

neither vague nor ambiguous, given that defendant was able to determine that plaintiff's seeks the

dictation recording corresponding to Dr. Tarig A. Samarkandy's preliminary report, attached to

plaintiff's complaint as Exhibit A, ECF No. 1 at 27-28.[12] Plaintiff contends the dictation

recording is relevant to establishing his diagnosis before and after his November 8, 2012 CT scan

at San Joaquin General Hospital. ECF No. 35 at 3. Presumably, plaintiff believes that the

dictation is a more reliable indicator of his diagnosis because unlike a written report, the dictation

---

[11] In defendant Rogero's motion for summary judgment, ECF No. 69, defendant attaches an exhibit including "the relevant records" defendant obtained by subpoena from San Joaquin General Hospital. See ECF No 69-6 at 1, 69-7 Ex. C at 12-19. The x-rays are not included in the attachment. However, the court's review of the record indicates that in opposition to plaintiff's motion for summary judgment, defendant filed another exhibit including "the relevant records" defendant obtained from San Joaquin General Hospital. See ECF No. 66-2 at 1, 66-4 Ex. B. Because each exhibit includes some documents not included in the other exhibit, see id., the court cannot assume that either exhibit includes all the records defendant obtained by subpoena from San Joaquin General Hospital.

[12] The last page of Dr. Tarig A. Samarkandy's preliminary report bears the following identifiers:
> Voice #537974090/Job #913115
> D: 11/8/08/12 16:36:00
> T: 11/09/2012 07:40:00
> TAS: medq

ECF No. 1 at 28.

1    recording cannot be altered.  The recording is therefore relevant to plaintiff's claim that defendant

2    Rogero declined to schedule plaintiff for surgery despite Rogero's initial finding that surgery

3    would be required.

4         Defendant contends he has no responsive documents and is unable to obtain the recording,

5    if it exists, because he is not an employee of San Joaquin General Hospital.  ECF No. 45 at 4.

6    While plaintiff argues the dictation recording is relevant, he does not argue that defendant has

7    possession, custody, or control of the recording.  In light of plaintiff's pro se status, the court will

8    require defendant to file a statement with the court indicating whether he received the dictation

9    recording by subpoena from San Joaquin General Hospital.  If defendant received the recording,

10   he shall produce it to plaintiff.  If defendant did not receive the recording, no further production

11   will be required.

12        **RFP No. 4, Set Two:** One complete copy of security video foot-use
          of Plaintiff shackled to hospital for two plus days at hospital.

13

14        **Response:** Objection. This request for production is objected to as
          vague and ambiguous, assumes facts not in evidence, narrative, and
          is not reasonably calculated to lead to the discovery of admissible

15        evidence.  Without waiving these objections, responding party has
          no responsive documents.

16

17        Plaintiff claims that every inmate admitted to San Joaquin General Hospital for an

18   overnight stay is "monitored over security video."  ECF No. 35 at 4.  Video footage of plaintiff's

19   hospital stay could provide evidence of plaintiff's contact with defendants while at San Joaquin

20   General Hospital, which is relevant in light of Rogero's assertion that he never conversed with

21   plaintiff and defendant Singh's assertion that he was not at San Joaquin General Hospital on the

22   day of plaintiff's CT scan.  To the extent this footage exists, it is discoverable.

23        Defendant contends he does not have the security footage and argues that he is not an

24   employee of San Joaquin General Hospital.  ECF No. 45 at 4.  Plaintiff asserts that defendant is

25   acting in bad faith by concealing the video footage, but does not otherwise argue that defendant

26   has possession, custody, or control of the video.  See ECF No. 35 at 4.  Here, the court notes that

27   defendant's subpoena to San Joaquin General Hospital included a request for any "video tapes" or

28   recordings of plaintiff.  See ECF No. 69-7 Ex. C at 18.  Accordingly, defendant shall file a

statement with the court indicating whether he received the video footage from San Joaquin

General Hospital.  If defendant received the footage, he shall produce it to plaintiff.  If he did not

receive the footage, no further production shall be required as plaintiff makes no argument that

defendant has possession, custody, or control of the video.

> **RFP No. 5, Set Two:** Copy's of any memorandums documents governing rules of security of hospital in regards to the inmate ward part of hospital where inmates are admitted.
>
> **Response:** Objection.  This request for production is objected to as vague and ambiguous, and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, responding party has no responsive documents.

The court finds plaintiff's request is not vague or ambiguous, and the request is reasonably

interpreted as asking for documents relating to San Joaquin General Hospital's security policies

regarding the area of the hospital where inmate patients are located.

Defendant again argues that he does not have the requested documents and implies that he

is unable to obtain the documents because he is not an employee of San Joaquin General Hospital.

See  ECF No. 45 at 4.  Here, defendant's point is well taken, as it is not clear that Rogero would

be able to obtain San Joaquin General Hospital's security policies by requesting them from San

Joaquin General Hospital or Mule Creek State Prison.  Unlike defendants Rodriguez and Singh,

who are represented by the Attorney General's Office and could likely obtain the documents from

CDCR[13] by requesting them,[14] defendant Rogero is neither a CDCR employee nor an employee

of San Joaquin General Hospital.  As defendant Rogero explains in his opposition, Rogero is

contracted by San Joaquin General Hospital to provide radiological services only.  ECF No. 45 at

2.  In light of defendant Rogero's apparent inability to obtain copies of the security polices and

plaintiff's complete failure to argue that defendant has possession, custody, or control of the

documents, the court will deny plaintiff's motion as to RFP No. 5.

---

[13]  California Department of Corrections and Rehabilitation.
[14]  See Branch v. Umphenour, No. 1:08-CV-01655-AWI, 2014 WL 3891813, at *8 (E.D. Cal. Aug. 7, 2014) (individual defendants who are employed by CDCR can generally obtain documents from CDCR by requesting them).

11

C.  Interrogatories, Set One (ECF No. 37)

On October 22, 2014, plaintiff served defendant Rogero with Interrogatories, Set One. Rogero timely served an initial response on plaintiff on November 24, 2014, comprised of only legal objections.  ECF No. 38-2, Exh. B.  On the same date, and prior to receiving defendant's objections, plaintiff filed a motion to compel, ECF No. 30, asserting that he had not yet received defendant's answers.  This motion was later denied as premature.  See ECF No. 42 (January 26, 2015 Order).

On December 23, 2014, defendant served amended answers to plaintiff's Interrogatories, Set One, which included substantive statements notwithstanding defendant's objections.  See ECF No. 38-1, Exh. A.  On December 29, 2014, plaintiff filed the instant motion to compel, ECF No. 37, challenging the content of Rogero's amended responses.  Defendant Rogero opposed the motion.  ECF No. 41.

In his motion, plaintiff seeks to compel defendant Rogero to provide further responses to interrogatories 1, 2, 3, 4, 6, 8, 9, 13, 14, 16, 17, 20, 21, and 23.  ECF No. 37 at 1.  Defendant opposes the motion on the grounds that plaintiff's request is moot with respect to interrogatories 1-4, 6, 8, 9, 13, 16, 17, and 23 because Rogero already provided plaintiff with substantive responses to these requests.  ECF No. 41 at 2.  With respect to interrogatories 14, 20, and 21, defendant maintains his objections and asserts that plaintiff's requests exceed the scope of discovery.[15]  Id.

> **Interrogatory No. 1 to Rogero, Set One:** How long have you work at San Joaquin General Hospital as a Doctor.
>
> **Response:** Objection.  This interrogatory is objected to as vague and ambiguous, and calling for a legal conclusion.  Without waiving these objections, I have had privileges to work at San Joaquin General Hospital since the late 1990.  I have never contracted with the California Department of Corrections.

---

[15]  Defendant also asserts that plaintiff's motion to compel should be denied because plaintiff did not attempt to confer in good faith before filing his motion and did not file any accompanying certification as required by Federal Rule of Civil Procedure 37(d)(1)(B).  ECF No. 41 at 2.  For the reasons discussed above, the court will not use plaintiff's failure to meet and confer as grounds for denying the motion.

Plaintiff alleges that he is entitled to the requested information because it is non-privileged and relevant to the discovery of admissible evidence, but does not explain why defendant's response is deficient.  The court finds that defendant Rogero has sufficiently responded to this interrogatory.  Plaintiff inquired as to how long Rogero has worked at San Joaquin General Hospital, and Rogero explained that he has had privileges to work there since 1990.  Plaintiff's motion to compel is denied as to Interrogatory No. 1.

> **Interrogatory No. 2 to Rogero, Set One:** While working at San Joaquin General Hospital and contracting out for the state have you ever had a civil lawsuit filed or pending against you.

> **Response:** Objection.  This interrogatory is objected to as vague and ambiguous, calling for a legal conclusion, and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, I have not been involved in any other lawsuit involving the California Department of Corrections.

Plaintiff argues that whether Rogero had prior lawsuits filed against him is relevant to Rogero's character and to establishing prior bad acts by defendant, but again fails to explain how defendant's response is deficient.  ECF No. 37 at 2.  Plaintiff's reference to "contracting out for the state" suggests that he is asking whether Rogero has ever had a civil lawsuit filed against him involving the CDCR, and Rogero stated that he has not.  Defendant Rogero has answered plaintiff's interrogatory and will not be required to provide a supplemental response.

> **Interrogatory No. 3 to Rogero, Set One:** Whate is your secretary full complete name.

> **Response:** Objection.  This interrogatory is objected to as vague and ambiguous, and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, I do not have a secretary.

With respect to the secretary, plaintiff states that "this person is very important in the facts in case she was present during incident."  ECF No. 37 at 2.  Rogero stated that he does not have a secretary.  Rogero has answered plaintiff's interrogatory and will not be required to provide further responses to this question.

> **Interrogatory No. 4 to Rogero, Set One:** How long has your secretary worked for you inside your office.

> **Response:** Objection.  This interrogatory is objected to as vague and ambiguous, and is not reasonably calculated to lead to the

13

discovery of admissible evidence.   Without waiving these objections, I do not have a secretary.

Here, plaintiff specifically inquired about Rogero's secretary and Rogero again responded by stating that he does not have a secretary.  Rogero has answered plaintiff's interrogatory and will not be required to provide further responses to this question.

> **Interrogatory No. 6 to Rogero, Set One:** As a doctor did it appear that plaintiff was in excruciating.

> **Response:** Objection.   This interrogatory is objected to as incomplete, vague and ambiguous, and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, I did not meet, converse with, or examine the plaintiff.   I was not involved with the plaintiff's care beyond receiving and interpreting the CT scans.

In his motion, plaintiff asserts that Interrogatory No. 6 stated: "As a doctor did it appear that plaintiff was in excruciating *pain*."  ECF No. 37 at 3 (emphasis added).  Plaintiff argues that defendant Rogero's opinion of plaintiff's condition when plaintiff was first admitted to the hospital is relevant to the discovery of evidence regarding what medications were given to plaintiff.  See ECF No. 37 at 3.  Presumably, the medications given to plaintiff are relevant to establishing plaintiff's physical condition and whether plaintiff had a serious medical need on November 8, 2012.

However, defendant's opposition indicates that "pain" was omitted from the actual interrogatory submitted to defendant.  See ECF No. 38-1 at 3.[16]  This omission is presumably the basis for defendant's objection that the interrogatory is incomplete as well as vague and ambiguous.  Given that the complaint repeatedly alleges that plaintiff was in "excruciating pain," see ECF No. 1 at 7, 10, the court questions whether defendant was truly unable to discern the meaning of plaintiff's interrogatory.  However, defendant has attempted to respond to the interrogatory despite his objections.  Defendant's response that he never met or examined plaintiff suggests that defendant did not have sufficient contact with plaintiff to form an opinion

---

[16]  A copy of defendant Rogero's responses to plaintiff's interrogatories is attached as an exhibit to ECF No. 38, defendant's initial opposition to plaintiff's motions to compel, ECF Nos. 30 and 37.  Defendant later filed another opposition, ECF No. 41, responsive to ECF No. 37 only.

1   as to whether plaintiff was in excruciating pain.  Accordingly, requiring a further response to this

2   interrogatory would be futile.  Defendant Rogero will not be required to provide a further

3   response to Interrogatory No. 6.

4           **Interrogatory No. 8 to Rogero, Set One:** While plaintiff was at

5           San Joaquin General Hospital whate type of pain meds did you give
            him for his pain.

6           **Response:** Objection.  This interrogatory is objected to as vague

7           and ambiguous, assumes facts not in evidence, and is not
            reasonably calculated to lead to the discovery of admissible

8           evidence.  Without waiving these objections, I did not order any
            pain medication for the plaintiff.

9           Plaintiff appears to argue that the type of pain medication he received at San Joaquin

10   General Hospital is reasonably calculated to lead to the discovery of admissible evidence relating

11   to plaintiff's diagnosis after the CT scan was taken, see ECF No. 37 at 3, which is relevant to

12   whether plaintiff had a serious medical need.  Here, defendant Rogero responded that he did not

13   give plaintiff any pain medication.  Because plaintiff and defendant dispute whether defendant

14   gave plaintiff any pain medication at all, requiring a further response to this interrogatory would

15   be futile.  Accordingly, defendant Rogero will not be required to provide a further response to

16   Interrogatory No. 8.

17          **Interrogatory No. 9 to Rogero, Set One:** Do every patient get

18          entroduce to the surgeon after recieving a c-scan for stomach.

19          **Response:** Objection.  This interrogatory is objected to as vague
            and ambiguous, overbroad in scope, lacking in foundation, and is

20          not reasonably calculated to lead to the discovery of admissible
            evidence.  Without waiving these objections, no.  It is not routine to

21          introduce a patient to a surgeon after receiving an abdominal CT
            scan.

22          Here, plaintiff's interrogatory can reasonably be read to ask whether it is routine for

23   patients to be introduced to the surgeon after they have a CT scan,[17] to which defendant answered

24   in the negative.  Defendant Rogero has sufficiently responded to plaintiff's interrogatory and will

25   not be required to provide a further response.

26   ───────────────

27   [17]  Although it is not entirely clear, plaintiff appears to assert that the identity of the surgeon is
     relevant to the security video footage plaintiff requested from defendant Rogero, which would

28   depict plaintiff shackled to the bed while being introduced to the surgeon.  See ECF No. 37 at 4.

15

**Interrogatory No. 13 to Rogero, Set One:** When plaintiff stated to you he was hungry and asked you could he have something to eat didn't you in fact state to him he could-not because he may need surgery.

**Response:** Objection.  This interrogatory is objected to as vague and ambiguous, lacking in foundation, calling for a narrative, assumes facts not in evidence, and is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, I did not meet or converse with the plaintiff.  I was not told the plaintiff was hungry and I did not make that response.

This interrogatory essentially asks whether defendant Rogero told plaintiff he might need surgery.  Defendant maintains that he never spoke with plaintiff.  In light of the disagreement as to whether this conversation took place, the issue of whether defendant made this statement is a factual dispute to be resolved at trial.  Defendant Rogero will not be required to provide a further response to Interrogatory No. 13.

**Interrogatory No. 14 to Rogero, Set One:** Why did you change your mind about giving Plaintiff.

**Response:** Objection.  This interrogatory is objected to as incomplete, vague and ambiguous, assumes facts not in evidence, lacking in foundation, and is not reasonably calculated to lead to the discovery of admissible evidence.

In his motion to compel, plaintiff's represents that Interrogatory No. 14 read: "Why did you change your mind about giving plaintiff *surgery*."  ECF No. 37 at 4 (emphasis added).  In his opposition, defendant explains that the word "surgery" was not included in the version of Interrogatory No. 14 posed to defendant and that defendant objected to the interrogatory as incomplete because he was unable to interpret plaintiff's request.  ECF No. 41 at 4.  Defendant contends that he should not be required to answer this interrogatory since plaintiff's modification of the interrogatory through a motion to compel is improper.  Id.

Here, the court agrees that plaintiff's interrogatory is vague and that defendant may not have been able to interpret plaintiff's request.  While the court might under other circumstance require defendant to supplement his response in light of plaintiff's pro se status, the court will not require it here.  Plaintiff's Eighth Amendment claim against defendant Rogero revolves around his allegation that Rogero initially determined that plaintiff required surgery, but did not schedule plaintiff for surgery because of defendant Rodriguez's interference.  Defendant Rogero has filed a

16

1    motion for summary judgment on the grounds that plaintiff did not have a serious medical need

2    on November 8, 2012 and did not require surgery.  See ECF No. 69-2 at 1.  Whether defendant

3    Rogero initially determined plaintiff required surgery is a question of fact that will be

4    determinative of plaintiff's Eighth Amendment claim against defendant Rogero.  Requiring a

5    further and predictable response to this request would be futile, and plaintiff's motion to compel

6    will be denied as to Interrogatory No. 14.

7              **Interrogatory No. 16 to Rogero, Set One:** Whate is the surgeon
               full name who you who you entrouduce Plaintiff to.
8
               **Response:** Objection.  This interrogatory is objected to as vague
9              and ambiguous, assumes facts not in evidence, and is not
               reasonably calculated to lead to the discovery of admissible
10             evidence.  Without waiving these objections, I did not introduce the
               plaintiff to any surgeon.
11

12         Plaintiff asserts that defendant Rogero introduced plaintiff to a surgeon and that the

13   identity of the surgeon is relevant because the surgeon could provide information regarding the

14   inadequate medical care plaintiff received at San Joaquin General Hospital.[18]  See ECF No. 37 at

15   5.  In light of defendant Rogero's response that he did not introduce plaintiff to any surgeon,

16   requiring a further response here would be futile.  Plaintiff's motion to compel will be denied as

17   to Interrogatory No. 16.

18             **Interrogatory No. 17 to Rogero, Set One:** When plaintiff stated
               he previous had stomach problems of bleach being put in his food
19             whate type of treatment did you give him for that problem.

20             **Response:** Objection.  This interrogatory is objected to as vague
               and ambiguous, lacking in foundation, assumes facts not in
21             evidence, and is not reasonably calculated to lead to the discovery
               of admissible evidence.  Without waiving these objections, I did not
22             meet or converse with the plaintiff.  I did not provide plaintiff with
               any treatment.
23

24         In his complaint, plaintiff alleges that he spoke with defendant Rogero, that he told

25   defendant about his stomach problems resulting from bleach being put in his food, and that

26   ─────────────────────
     [18]  Plaintiff appears to assert that the surgeon could be "a reliable witness" who could testify as to
27   the inadequate medical care plaintiff received at the hands of defendant Rogero.  See ECF No. 37
     at 5.
28

                                                   17

Rogero examined plaintiff and advised him that a nurse would be in to ask plaintiff questions and take blood and urine samples.  See ECF No. 1 at 13.  Defendant Rogero maintains that he did not meet with plaintiff or provide him with treatment.  Defendant has answered plaintiff's interrogatory and will not be required to provide a further response.

> **Interrogatory No. 20 to Rogero, Set One:** Whate type of medical problems does a person have in your opinion as a doctor if they have a lasirated spleen.

> **Response:** Objection.  This interrogatory is objected to as vague and ambiguous, overbroad in scope, calling for speculation, calling for expert testimony, is an incomplete hypothetical, and is not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff's complaint alleges that on November 8, 2012, defendant Rogero determined that plaintiff had a lacerated spleen, a bleeding right kidney, and a genital wart.  In his motion to compel, plaintiff asserts that the medical problems associated with a lacerated spleen are "relevant to his diagnosis."  See ECF No. 37 at 5.  The information appears relevant to establishing that plaintiff had a lacerated spleen on November 8, 2012, which supports his deliberate indifference claim against defendant Rogero.

Defendant argues that the interrogatory is vague and ambiguous because "there is no limitation on what might be considered a 'medical problem,'" and is overbroad because "it covers situations in which a patient is suffering from other problems beyond the symptoms of a lacerated spleen."  ECF No. 41 at 5.  Defendant further asserts that the interrogatory calls for speculation because "there are numerous potential problems that could arise because of, concurrent to, or prior to a lacerated spleen" and because "the interrogatory lacks specificity or particularity in regards to 'person.'"  Id.  According to defendant, the requested opinion is not sufficiently particularized to plaintiff's case to provide any relevant information.  Id.

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2).  However, an interrogatory calling for an opinion must be phrased with particularity.  Baker v. Perez, No. 2:09-CV-2757 MCE KJN, 2011 WL 4842427, at *3, 2011 U.S. Dist. LEXIS 117758 (E.D. Cal. Oct.

1    12, 2011) (citations omitted).  Here, the court agrees that plaintiff's request for an opinion is not

2    sufficiently particularized.  The interrogatory is phrased as a request for general medical

3    information and is not tailored to plaintiff's symptoms or plaintiff's treatment.  Cf. Atcherley v.

4    Clark, No. 1:12 CV 00225 LJO DLB, 2014 WL 5880152, at *2-3 (E.D. Cal. Nov. 12, 2014)

5    (requiring defendant to provide further responses to plaintiff's inquiries as they related to plaintiff

6    and plaintiff's treatment, where the court found that plaintiff's question was aimed at the

7    treatment plaintiff received and defendant had the requisite knowledge to answer the question).

8    Defendant will not be required to answer this interrogatory.

9
10
          **Interrogatory No. 21 to Rogero, Set One:** When a person has a
          lasirated spleen does his white blood cells drop.

11
12
          **Response:** Objection.  This interrogatory is objected to as vague
          and ambiguous, calling for speculation, calling for expert
          testimony, is an incomplete hypothetical, and is not reasonably
          calculated to lead to the discovery of admissible evidence.

13        Plaintiff appears to assert that the relationship between a drop in white blood cells and a

14   lacerated spleen is relevant to determining his diagnosis before and after his November 8, 2012

15   CT scan.  See ECF No. 37 at 6.  Defendant argues that the interrogatory calls for speculation

16   since "there are many causes for a change in white blood cell count."  Defendant asserts that

17   plaintiff is seeking expert testimony and that plaintiff's "attempt to self-diagnose" is not relevant

18   to plaintiff's case.  ECF No. 41 at 6.

19        As in Interrogatory No. 20, the court finds that Interrogatory No. 21 is not sufficiently

20   particularized.  Plaintiff again seeks general medical information in the form of expert testimony

21   and his request is not tailored to the specific facts of his own case.  Defendant will not be required

22   to respond to this interrogatory.

23
24
25
          **Interrogatory No. 23 to Rogero, Set One:**   If Plaintiff liver,
          spleen and abdominal area looks remarkable according to your final
          report of plaintiff c-scan, why did you also state if anemia sets any
          worst surgery is needed were you doughting your own prognosis of
          Plaintiff.

26
27
28
          **Response:**  Objection.  This interrogatory is objected to as vague
          and ambiguous, lacking in foundation, misstates the evidence,
          compound, calling for a narrative, assumes facts not in evidence,
          calling for speculation, calling for expert testimony, is an
          incomplete hypothetical, and is not reasonably calculated to lead to

the discovery of admissible evidence.   Without waiving these objections, I did not find that the liver, spleen, or abdominal area looked remarkable; conversely, my report states that I found "liver, spleen, adrenals and kidneys are unremarkable."   I made no mention of anemia or surgery in my report.

In his motion to compel, plaintiff appears to assert that Interrogatory No. 23 is relevant to his diagnosis and that the conflicting reports issued by Rogero bear on Rogero's credibility. Specifically, plaintiff asserts that Rogero issued one report finding plaintiff's abdominal area, liver, and spleen appeared "remarkable," and issued a separate report stating that surgery would be entertained if the patient gets worse.  See ECF No. 37 at 6.  Plaintiff directs the court's attention to the reports attached as exhibits to the complaint.

The court has reviewed Dr. Rogero's report discussing plaintiff's CT scan, ECF No. 1 at 29, as well as the preliminary report, id. at 27-28.  Rogero's report states that the "[l]iver, spleen, adrenals and kidneys are unremarkable," and the report makes no mention of anemia or surgery. ECF No. 1 at 29 (emphasis added).  The preliminary report, on the other hand, states as follows: "if the patient getting [sic] any worse will entertain surgical options."  However, it appears that the preliminary report was issued by Dr. Tariq A. Samarkandy, not by defendant Rogero.  See ECF No. 1 at 27-28.

Plaintiff's interrogatory inquires as to why Rogero stated that plaintiff may need surgery if his anemia gets worse.  Defendant responded that his report makes no mention of anemia or surgery.  In light of defendant's response, the court finds that defendant has sufficiently responded to plaintiff's interrogatory, and no further response will be required as to Interrogatory No. 23.

For the above reasons, plaintiff's motion to compel is denied as to the Interrogatories propounded on defendant Rogero.

IV.    Discovery Requests Served on Defendant Rodriguez

With respect to defendant Rodriguez, the following three motions are presently before the court: (1) plaintiff's motion to compel Rodriguez to respond to Request for Production of Documents, Set One, ECF No. 47; (2) plaintiff's motion to compel Rodriguez to provide further responses to Request for Production of Documents, Set One, ECF No. 59; and (3) plaintiff's

20

1   motion to compel Rodriguez to provide further responses to Interrogatories, Set One, ECF No.

2   60.

3              A.   Request for Production of Documents, Set One (ECF Nos. 47 and 59)

4                  i.   January 27, 2015 Motion to Compel (ECF No. 47)

5          Plaintiff served defendant Rodriguez with Request for Production of Documents, Set One

6   on October 21, 2014.  By order filed December 23, 2014, the court extended the time for

7   defendant Rodriguez to serve plaintiff with his discovery responses until thirty days after the

8   district judge's adoption of this court's companion findings and recommendations.[19]  ECF No. 36.

9   The findings and recommendations were adopted by the district judge on March 6, 2015.  ECF

10  No. 54.  Accordingly, defendant Rodriguez's discovery responses were due on April 6, 2015.

11         On January 27, 2015, plaintiff filed a motion to compel Rodriquez to respond to Request

12  for Production of Documents, Set One.  ECF No. 47.  Plaintiff's motion appears to be based on

13  his belief that Rodriguez's responses were due within thirty days of the date the findings and

14  recommendations were filed, rather than the date the findings and recommendations were adopted

15  by the district judge.  Because Rodriguez's responses were not yet due at the time plaintiff filed

16  his January 27, 2015 motion to compel, the motion is denied as premature.

17                 ii.   March 25, 2015 Motion to Compel (ECF No. 59)

18         Defendant Rodriguez served his responses to Request for Production of Documents, Set

19  One on plaintiff on March 11, 2015.  On March 25, 2015, plaintiff filed a motion to compel

20  Rodriguez to provide further responses to plaintiff's production requests.  ECF No. 59.

21  Defendant Rodriguez opposed the motion.  ECF No. 61.

22             **RFP No. 2:** One complete copy of MSCP CtC treatment center Log
              Book of officers defendants R. Rodriguez and H. Singh for Log in's
23             and Log out's for the day of November 8, 2012.

24             **Response:**  Defendant  produces  as  Attachment  B  the  Daily
              Urgent/Emergent Tracking System log for November 8, 2012.
25
           In his motion to compel, plaintiff acknowledges that defendant provided him with a copy
26

27  ───────────────
    [19]  Defendant Singh was also granted the same extension of time for serving his discovery
    responses on plaintiff.  ECF No. 36.
28

1    of a log sheet, but states that it is not the log sheet that plaintiff requested.  ECF No. 59 at 2.

2    Plaintiff clarifies that he seeks a copy of the log tracking the officers' in and out times at their

3    work stations at the CTC treatment center, rather than the log tracking the location of inmates.  Id.

4    In response, defendant Rodriguez explains that he misunderstood plaintiff's initial request, and

5    has since provided plaintiff with a copy of defendant Rodriguez and defendant Singh's sign-in

6    sheets for November 8, 2012.  ECF No. 61 at 2.[20]  Because plaintiff has received the requested

7    information, plaintiff's motion to compel a further response to Request No. 2 is denied as moot.

8    
9    
10           **RFP No. 3:** Two complete copies of M.C.S.P. sally port transportation Log Book.  Log out's for the morning of November 8, 2012 of defendants R. Rodriguez and H. Singh of Inmate Smith T-80524.

11           **Response:** Defendant produces as Attachment C a complete copy of the M.C.S.P. Sallyport Register.

12         In his motion to compel, plaintiff states that he seeks a copy of the Sallyport log tracking

13   the movements of the officers, not the log tracking plaintiff's movements.  Defendant Rodriguez

14   explains in his opposition that Mule Creek State Prison maintains one Sallyport log for state and

15   private vendor vehicles, and that this log includes vehicles used to transport inmates outside of

16   prison.  ECF No. 61 at 3.  Rodriguez states that a copy of this log was provided to plaintiff on

17   March 11, 2015 in response to plaintiff's production request.  Id.  As the court understands

18   defendant's response, there is one Sallyport log and it has already been provided to plaintiff.

19   Accordingly, plaintiff's motion to compel a further response to Request No. 3 is denied since he

20   has been provided with the document requested.

21   
22           **RFP No. 4:** Once complete copy of a diagram map of M.C.S.P. CtC triag treatment center.

23           **Response:** Objection, this request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Allowing inmates access to maps detailing the specifics

24   of prison layout threatens the safety of inmates and staff and security of the institution.  Defendant does not have in his

25   possession, custody, or control any documents responsive to this

26   

27   [20]  Defendant notes that defendant Singh's November 8, 2012 sign-in sheet indicates that Singh was not present in the treatment center on November 8, 2012.  ECF No. 61 at 2.

28

1    request, and is under no legal obligation to compile or create
     documentary evidence.

2

3    With respect to defendant Rodriguez, plaintiff's complaint alleges that Rodriguez

4    retaliated against plaintiff and was deliberately indifferent to plaintiff's serious medical needs

5    when he interfered with plaintiff's medical care during an emergency trip to San Joaquin General

6    Hospital.  See ECF No. 1.  In his motion to compel, plaintiff asserts that a map or diagram of the

7    treatment center at Mule Creek State Prison is relevant to establishing the location of defendant

8    Rodriguez's workstation in relation to Dr. Rudas' office, where plaintiff attempted to obtain

9    medical care before and after November 8, 2012.  See ECF No. 59 at 3.  However, it is not clear

10   how the location of defendant Rodriguez's workstation at Mule Creek State Prison is relevant to

11   the claims in plaintiff's complaint, which primarily focus on events that occurred at San Joaquin

12   General Hospital.[21]

13   Defendant contends that allowing inmates access to maps of detailing specific prison

14   layouts implicates safety concerns within the prison.  ECF No. 61 at 3.  Plaintiff responds that

15   safety is not an issue because plaintiff is no longer at Mule Creek State Prison, the treatment

16   center is "away from the main yard," and a number of inmates travel throughout the treatment

17   center on a daily basis.  ECF No. 61 at 3.  Defendant's concern regarding prison safety is well

18   taken, as the court recognizes the potential dangers associated with inmates possessing maps of a

19   particular prison.  In the present case, the court finds that defendant's interest in prison safety

20   outweighs plaintiff's marginal, if any, need for a map of the Mule Creek treatment center.  If

21   plaintiff requires evidence that defendant Rodriguez's workstation is near Dr. Rudas' office,

22   plaintiff may draw his own diagrams or testify as to the location of Rodriguez's workstation, as

23   plaintiff appears to have personal knowledge of the layout of the treatment center and the location

---

24   [21]  Plaintiff's complaint does appear to allege that defendant Rodriguez continued to interfere
     with plaintiff's medical care after plaintiff returned to Mule Creek State Prison from San Joaquin

25   General Hospital.  However, plaintiff's vague allegations of continued interference appear to be
     based solely on plaintiff's assertion that Rodriguez continued to work in the Mule Creek

26   Treatment Center and plaintiff continued to be denied the medical care he desired.  In other
     words, plaintiff appears to assert that because he was not receiving adequate medical care, it must

27   have been because Rodriguez was interfering.

28

of Rodriguez's desk.[22]  Plaintiff's motion to compel is denied as to RFP No. 4.

> **RFP No. 5:** One photo while standing inside trige treatment exam room exiting door towards T. Seng's office.

> **Response:** Objection, this request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Allowing inmates access to photographs detailing specifics of prison design threatens the safety of inmates and staff and security of the institution.  Defendant is not aware of, and does not have in his possession, custody, or control any documents responsive to this request, and is under no legal obligation to compile or create documentary evidence.

The court's review of Request No. 5 indicates that plaintiff may be asking for a specific photograph to be taken and then provided to plaintiff, not that an existing photograph be produced.  Defendant is not obligated to create such a photograph in response to plaintiff's production request.  See Goolsby v. Carrasco, 2011 WL 2636099 at *8-9 (E.D. Cal. July 5, 2011) (denying plaintiff's motion to compel production of documents where plaintiff's request required defendant to "create documents, as opposed to produce already existing documents").  Accordingly, plaintiff's motion to compel a further response to Request No. 5 is denied.

> **RFP No. 6:** One complete photo in main hallway of MCSP CtC triage treatment center wright outside main exam room in hallway between Dr. Tseng.

> **Response:** Objection, this request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Allowing inmates access to photographs detailing specifics of prison design threatens the safety of inmates and staff and security of the institution.  Defendant is not aware of, and does not have in his possession, custody, or control any documents responsive to this request, and is under no legal obligation to compile or create documentary evidence.

Plaintiff again appears to request that defendant take a specific photograph and provide it to plaintiff.  Plaintiff's motion to compel a further response to Request No. 6 is denied.

For the above reasons, plaintiff's motion to compel Rodriguez to provide further responses to Request for Production of Documents, Set One is denied.

---

[22]  Should plaintiff want to include this information in his motion for summary judgment, plaintiff may file a supplemental declaration describing the location of the defendant Rodriguez's workstation at Mule Creek State Prison.

24

B.  Interrogatories, First Set (ECF No. 60)

Plaintiff served Interrogatories, First Set on defendant Rodriguez and Rodriguez served timely responses on March 11, 2015.  On March 30, 2015, plaintiff filed a motion to compel Rodriguez to provide further responses to Interrogatory Nos. 2, 3, 6, 7, 8, and 9.  ECF No. 60. Defendant opposed the motion.  ECF No. 62.

> **Interrogatory No. 2, Set One:** Have you ever had a civil law suit against you if yes how many and whate for?
>
> **Response:** Objection, this interrogatory is compound and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving these objections, Rodriguez responds as follows:
>
> As far as I am aware, while employed by CDCR, I have only been named as a Defendant in this lawsuit.

Plaintiff's request for a further response to Interrogatory No. 2 appears to be based on his belief that defendant's response to Interrogatory No. 2 is contradicted by his response to Interrogatory No. 3, in which defendant states that he has had two inmate appeals filed against him while employed with CDCR.  However, plaintiff appears to conflate the prison grievance process with the filing of a civil lawsuit.  Because not every inmate appeal will necessarily lead to the filing of a civil lawsuit, there is nothing contradictory about Rodriguez's statement that he has had two inmate appeals filed against him, but has only been named as a defendant in the present civil lawsuit.  The court finds that defendant has provided a sufficient response to Interrogatory No. 2.  No further response will be required.

> **Interrogatory No. 3, Set One:** While working for (CDCR) have any inmate's filed, any 602 compliants on you claiming retaliation if yes how many.
>
> **Response:** Objection, this interrogatory is compound, and is overbroad and vague as to time and place.  Without waiving these objections, Rodriguez responds as follows:
>
> In my 28 years of employment with CDCR, as far as I am aware, only two appeals were filed against me.

Plaintiff argues that defendant's response is incomplete because he did not indicate whether the two appeals filed against him included claims of retaliation.  ECF No. 60 at 2.  At the

1    same time, plaintiff also contends that his interrogatory required a "yes" or "no" answer.  See id.

2            In opposition, defendant argues that plaintiff has now expanded his request to include the

3    subject matter of the appeals filed, and asserts that plaintiff has not explained how the information

4    is relevant.  ECF No. 62 at 4.  Defendant also provides the following clarification: "Yes,

5    Defendant Rodriguez is aware of two appeals filed against him during his 28 years of

6    employment, and due to the length of time, no, he does not recall whether the claim in either or

7    both of those two appeals was retaliation."  Id.  Defendant further argues that he cannot be

8    compelled to provide an answer he does not recall, and that he must make only a reasonable effort

9    to respond to plaintiff's inquiry.  Id.

10           Here, plaintiff's original interrogatory can be reasonably interpreted as asking how many

11   602 complaints claiming retaliation have been filed against defendant Rodriguez during the time

12   Rodriguez was employed by the CDCR.  Rodriguez's answer is incomplete in that it does not

13   specify whether the two appeals filed against him were for retaliation – the only type of appeal

14   plaintiff inquired about.  While defendant is only required to make a reasonable effort to respond

15   to plaintiff's interrogatory, see Atcherley v. Clark, No. 1:12CV00225 LJODLBPC, 2014 WL

16   5902497, at *2 (E.D. Cal. Nov. 12, 2014), defendant has not provided the court with sufficient

17   information to determine whether his efforts to respond were reasonable.  For example, it is

18   unclear whether defendant made any effort to locate the appeals in a database, or if he relied

19   solely on his memory in answering plaintiff's inquiry.

20           Plaintiff's motion to compel is therefore granted to the extent that defendant shall be

21   required to file a declaration with the court explaining his efforts to locate the information.  In the

22   alternative, defendant may choose to inform plaintiff whether the two appeals filed against him

23   were for retaliation, if he is able to locate the information.

24           **Interrogatory No. 6, Set One:** On November 8, 2012 who did you
     obtain information from about Plaintiff previous civil lawsuit
25           against some (CDCR) officers.

26           **Response:** Objection, this interrogatory is not reasonably calculated
     to lead to the discovery of admissible evidence, is vague as to time
27           and place, and calls for hearsay.  Without waiving these objections,
     and assuming, based on the allegations in the Complaint that
28           Plaintiff is referring to when he was transported to San Joaquin

General Hospital on November 8, 2012, Rodriguez responds as follows:

> I do not recall discussing lawsuits filed by Smith with anybody on November 8, 2012.  As far as I recall, I spoke on the telephone while at still [sic] Mule Creek with a staff person from the Investigative Services Unit (ISU) about a pending administrative appeal that needed to be resolved that week and was instructed to ask the doctor at the hospital whether Plaintiff could return to the prison for that appeal.

In his motion to compel, plaintiff argues that defendant sidestepped the question posed in the interrogatory and instead introduced "new evidence" that defendant Rodriguez had a phone conversation with an ISU staff member regarding a pending administrative appeal.  Plaintiff asserts that no appeal was pending and that he is entitled to know the name of the ISU staff member, who could provide information regarding what was said during the conversation with defendant Rodriguez.  See ECF No. 60 at 3.

In opposition, defendant argues that plaintiff has attempted to expand the scope of his interrogatory to include the name of the ISU staff member and the details of the conversation defendant had with the ISU staff member.  Defendant also provides the following clarification:

> No, Defendant Rodriguez did not discuss previous lawsuits filed by Smith with anyone on November 8, 2012.  Yes, on November 8, 2012, Defendant Rodriguez recalls a phone conversation with an ISU staff person instructing him to ask the hospital doctor whether Smith could be returned to the prison for a pending administrative appeal.  Defendant Rodriguez does not recall the ISU staff person's name.

ECF No. 62 at 5.

Here, the court finds that defendant Rodriguez has sufficiently responded to plaintiff's interrogatory.  Plaintiff's interrogatory asked from whom defendant received information on November 8, 2012 regarding plaintiff's prior *civil lawsuit* against other CDCR officers.  Defendant responded that he does not recall discussing plaintiff's civil lawsuits with anyone on November 8, 2012.  To the extent plaintiff requests information as to the identity of the staff person defendant spoke with regarding a pending administrative appeal, the information falls outside the scope of the original interrogatory.  See Scott v. Palmer, No. 1:09-CV-01329-LJO, 2014 WL 6685810, at *3-4 (E.D. Cal. Nov. 26, 2014) (plaintiff is not entitled to expand the scope

1   of discovery beyond that sought in the initial discovery request).  Plaintiff's motion to compel

2   will be denied as to Interrogatory No. 6.

3        **Interrogatory No. 7, Set One:** Once you took Plaintiff c-scan in to

4        be read by defendant doctor Grant Rogero, did you walk wright
         back out to the waiting.

5        **Response:** Objection, this interrogatory assumes as true facts that

6        are in dispute, is vague as to time and place, calls for speculation,
         and is unintelligible.  Without waiving these objections, and

7        assuming, based on the allegations in the Complaint that Plaintiff is
         referring to when he was transported to San Joaquin General

8        Hospital on November 8, 2012, Rodriguez responds as follows:

9        I would not have handled Plaintiff's c-scan.  When officers are at an
         outside facility, we do not handle documents because everything is

10       computerized and test results are transmitted electronically to the
         doctor who will read the results.

11     Plaintiff argues that defendant did not answer the interrogatory posed to him and that he

12  should be required to state whether he went "back out to the waiting room area with defendant

13  Singh."  <u>See</u> ECF No. 60 at 4.  Defendant argues that he answered the interrogatory by explaining

14  why "the physical act of [defendant] carrying a c-scan in to be read by Dr. Rogero was an

15  impossibility," and thus he was unable to answer the remainder of plaintiff's interrogatory.  ECF

16  No. 62 at 6-7.  Defendant's point is well taken.  In light of defendant's response that he did not

17  take plaintiff's c-scan in to be read by Dr. Rogero, defendant cannot provide an answer as to what

18  he did next.  Plaintiff's motion will be denied as to this interrogatory.

19       **Interrogatory No. 8, Set One:** The third time defendant doctor

20       Grant Rogero came out his office whate did he say to you and
         defendant H. Singh about Plaintiff.

21       **Response:** Objection, this interrogatory assumes as true facts that

22       are in dispute, is vague as to time and place, and calls for
         speculation and hearsay.  Without waiving these objections, and

23       assuming, based on the allegations in the Complaint that Plaintiff is
         referring to when he was transported to San Joaquin General

24       Hospital on November 8, 2012, Rodriguez responds as follows:

25       I do not recall specifically the doctor going in and out of his office
         numerous times on November 8, 2012.  As far as I can recall,

26       before Plaintiff was transported to the hospital on November 8,
         2012, I was instructed by ISU to ask the doctor that if possible

27       could Plaintiff return to prison because he had an administrative
         appeal to be resolved that week.

28

1    Plaintiff contends that defendant should be compelled to answer this interrogatory

2    "correctly" and to address the events that occurred at San Joaquin General Hospital, rather than

3    focusing on the phone call that took place at Mule Creek State Prison.  See ECF No. 60 at 4-5.

4    In his opposition, defendant clarified his response as follows: "Defendant Rodriguez does

5    not recall the doctor going in and out of an office numerous times, nor does he recall what the

6    doctor said the third time, if in fact he entered and exited an office three times."  ECF No. 62 at 8.

7    Defendant cannot be compelled to provide an answer that he does not recall.  Plaintiff's motion to

8    compel will be denied as to Interrogatory No. 8.

9            **Interrogatory No. 9, Set One:** What did you hear Plaintiff express

10   to you and defendant Singh through the holding cell door.

11           **Response:** Objection, this interrogatory is vague as to time and place, ambiguous, and confusing with respect to "what did you hear Plaintiff express," and the information sought is not reasonably

12   calculated to lead to the discovery of admissible evidence.  Without waiving these objections, and assuming, based on the allegations in

13   the Complaint that Plaintiff is referring to when he was transported to San Joaquin General Hospital on November 8, 2012, Rodriguez

14   responds as follows:

15           San Joaquin Hospital does not have holding cells in the emergency room.  I do not have any recollection of Plaintiff being in a holding

16   cell at Mule Creek.

17   In his motion to compel, plaintiff explains that after his CT scan, he was taken to a

18   "holding cell" next to defendant Rogero's office.  See ECF No. 60 at 5.  Plaintiff asserts that

19   defendant Rodriguez has not fully answered the interrogatory posed to him, which asks what

20   Rodriguez heard plaintiff express through the holding cell door.  See id.

21   In his opposition, defendant provides the following clarification: "Defendant Rodriguez

22   does not recall Smith being in a holding cell at San Joaquin General Hospital, nor does he recall

23   Smith expressing anything while being in a holding cell."  ECF No. 62 at 9.

24   The court finds that although plaintiff's interrogatory is somewhat vague, it does not

25   preclude a more direct response.  Plaintiff must have been "held" somewhere in San Joaquin

26   General Hospital after his CT scan on November 8, 2012.  While this location may not have been

27   in a "holding cell" per se, plaintiff is clearly asking what Rodriguez heard plaintiff say from the

28   room or location plaintiff was kept in after his CT scan.  Rodriguez attempted to clarify his

response in his opposition, but his clarification is ambiguous.  The court cannot tell whether

Rodriguez is representing that he does not recall plaintiff expressing anything while he was in

whatever location he was held in after the CT scan, or whether Rodriguez's statement that he does

not recall plaintiff expressing anything *while in a holding cell* follows from the assertion that San

Joaquin General Hospital does not have holding cells.  Accordingly, defendant shall be required

to supplement his response and answer the following inquiry: What did you hear plaintiff express

to you and defendant Singh from the location where plaintiff was held after his CT scan?  If

defendant does not recall plaintiff expressing anything at all to him after plaintiff's CT scan,

defendant should clarify this in his response.  Accordingly, plaintiff's motion to compel a further

response is granted as to Interrogatory No. 9.

> **Interrogatory No. 15, Set One:** Why did you tell defendant doctor Grant Rogero that plaintiff was a snitch.
>
> **Response:** Objection, this interrogatory assumes as true facts that are in dispute, and is vague as to time and place.  Without waiving these objections, and assuming, based on the allegations in the Complaint that Plaintiff is referring to when he was transported to San Joaquin General Hospital on November 8, 2012, Rodriguez responds as follows:
>
> I did not tell the doctor that Plaintiff was a snitch.  The paperwork transport officers receive before taking an inmate to an outside facility provides very basic information, such as the inmates commitment offense, enemies, and escape history, but officers would not have access to information regarding inmate prison history.  Further, I had no independent knowledge of Plaintiff before the transport.

Plaintiff contends that defendant Rodriguez's response to Interrogatory No. 15 is

misleading.[23]  ECF No. 60 at 6.  Specifically, plaintiff asserts that defendant's statement that he

had no knowledge of the plaintiff's prison history is contradicted by his response to Interrogatory

No. 6, in which defendant stated that on November 8, 2012, an ISU staff member told defendant

that plaintiff had an administrative appeal pending.  Id.

Defendant asserts that the motion to compel should be denied because he fully answered

---

[23]  It is unclear whether plaintiff seeks to compel defendant Rodriguez to supplement his response to Interrogatory No. 15, or if plaintiff merely intended to point out alleged discrepancies in defendant's responses.

1  Interrogatory No. 15, which asks only why defendant Rodriguez told defendant Rogero that

2  plaintiff was a snitch.  ECF No. 62 at 10.  Defendant's point is well taken.  Interrogatory No. 15 is

3  limited to whether Rodriguez told Rogero that plaintiff was a snitch, and Rodriguez responded

4  that he did not make this statement.  Rodriguez's answer to plaintiff's interrogatory is sufficient

5  and requiring a further response here would be futile, as the issue of whether Rodriguez told

6  Rogero that plaintiff was a snitch is a factual dispute to be resolved at trial.  Plaintiff's motion to

7  compel is denied as to Interrogatory No. 15.

8          In accordance with the above, IT IS HEREBY ORDERED that:

9      1.  Plaintiff's motion to compel production of documents from defendant Rogero (ECF

10          No. 43) is denied;

11     2.  Plaintiff's motion to compel production of documents from defendant Rogero (ECF

12          No. 35) is granted in part and denied in part.  It is granted as to the RFP Nos. 1, 2, 3,

13          and 4 to the extent that defendant Rogero is required to file a statement with court

14          within ten (10) days of the date of this order indicating whether he received the

15          requested documents by subpoena.  If he received the documents, he shall produce

16          them to plaintiff.  As to RFP No. 5, the motion is denied;

17     3.  Plaintiff's motion to compel defendant Rogero to provide supplemental responses to

18          Interrogatories, Set One, (ECF No. 37) is denied;

19     4.  Plaintiff's motion to compel production of documents from defendant Rodriguez (ECF

20          No. 47) is denied;

21     5.  Plaintiff's motion to compel production of documents from defendant Rodriguez (ECF

22          No. 59) is denied;

23     6.  Plaintiff's motion to compel defendant Rodriguez to provide supplemental responses

24          to Interrogatories, First Set (ECF No. 60) is granted in part and denied part.  As to

25          Interrogatory No. 3, plaintiff's motion is granted to the extent that defendant

26          Rodriguez is required to file a declaration with the court within ten (10) days from the

27          date of this order, explaining his efforts to determine if the two appeals filed against

28          him included retaliation claims.  In the alternative, defendant may choose to inform

1    plaintiff whether the two appeals filed against him were for retaliation.  As to

2    Interrogatory No. 9, plaintiff's motion is granted and defendant is directed to file a

3    supplemental response within ten (10) days indicating what he heard plaintiff express

4    to defendant Rodriguez and defendant Singh from the location plaintiff was kept in

5    following plaintiff's CT scan on November 8, 2012.  As to Interrogatories 2, 6, 7, 8,

6    and 15, plaintiff's motion to compel is denied; and

7    7.  Plaintiff shall have sixty days from the date of service of this order to respond to

8    defendant Rodriguez's pending motion for summary judgment.

9    DATED: September 29, 2015

10

11   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE