UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARL D. SMITH,<br><br>  Plaintiff,<br><br>  v.<br><br>R. RODRIGUEZ, et al.,<br><br>  Defendants. | No. 2:13-cv-2192 JAM AC P<br><br><br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 25, 2015, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. ECF No. 72. Defendant Singh has filed objections to the findings and recommendations. ECF No. 74.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

In his objections, defendant contends it is undisputed that on November 8, 2012, he

1  worked one shift at Mule Creek State Prison from 6:00 a.m. to 2:00 p.m.  Defendant argues that

2  he could not have been present when the alleged violation of plaintiff's rights occurred because

3  plaintiff's CT scan took place at 1:10 p.m. at San Joaquin General Hospital,[1] during the time

4  defendant was working his shift at Mule Creek State Prison.

5       As a preliminary matter, the court notes that in his objections, defendant relies in part on

6  evidence that was not part of the record when his motion for summary judgment was filed on

7  February 18, 2015.[2]  Specifically, defendant relies on his responses to plaintiff's discovery

8  requests,[3] and a CDCR "Triage and Treatment Flow Sheet" indicating that on November 8, 2012

9  plaintiff was "escorted by custody for transport" at 11:15 a.m.[4]

10       "[A] district court has discretion, but is not required, to consider evidence presented for

11 the first time in a party's objection to a magistrate judge's recommendation.  Ahktar v. Mesa, 698

12 F.3d 1202, 1208 (9th Cir. 2012) (internal citations omitted).  "[I]n making a decision on whether

13 to consider newly offered evidence, the district court must actually exercise its discretion, rather

14 than summarily accepting or denying the motion."  Id.  Here, the court declines to consider the

15 above documents, which were not properly submitted as evidence in support of defendant's

16 summary judgment motion.  See Ahktar, 698 F.3d at 1208.  The court further finds that even if

17 this evidence were to be considered, it would not change the result in this case, as explained

18 below.

---

[1] Although defendant now asserts that plaintiff's CT scan took place at 1:10 p.m. on November 8, 2015, he did not reference the specific time of plaintiff's appointment in his motion for summary judgment.  See ECF No. 79.  However, the report from San Joaquin General Hospital indicating that plaintiff's exam was completed at 13:13, or 1:13 p.m. on November 8, 2012, was attached as an exhibit to plaintiff's complaint.  See ECF No. 1 at 29.

[2] Defendant's motion for summary judgment was filed two months before discovery closed and seven months before the dispositive motion deadline expired.

[3] In his reply brief on summary judgment, defendant stated that he served plaintiff with his discovery responses on March 11, 2015.  ECF No. 56 at 3.  Defendant attached copies of the proofs of service as exhibits to his reply brief, but did not attach copies of his actual responses to plaintiff's discovery requests.  See ECF No. 56-1.  Defendant's discovery responses were first offered as evidence in defendant's objections to the findings and recommendations of the magistrate judge.  See ECF Nos. 74-1, 74-2.

[4] It appears that the "Triage and Treatment Flow Sheet" was first submitted by defendant Rogero on June 25, 2014, see ECF No. 69-5 at 4, over four months after defendant Singh's summary judgment motion was filed.

The magistrate found that while defendant's evidence established that he worked at Mule Creek State Prison from 6:00 a.m. to 2:00 p.m. on November 8, 2012, ECF No. 72 at 10-11, plaintiff's evidence called the weight of defendant's evidence into question such that a rational trier of fact could find that defendant was at San Joaquin General Hospital during the time he was assigned to work at Mule Creek State Prison, id. at 13.  While defendant stated in his discovery his responses to plaintiff's discovery requests that he was not present at San Joaquin General Hospital on November 8, 2012, his sworn statements are not sufficient on summary judgment to overcome plaintiff's sworn statements to the contrary.  See S.E.C. v. Koracorp Industries, Inc., 575 F.2d 692, 699 (9th Cir. 1978) ("[S]ummary judgment is singularly inappropriate where credibility is at issue.").  Thus, even taking defendant's discovery responses into account, there is still a factual dispute as to whether defendant was present at San Joaquin General Hospital on November 8, 2012.

To the extent defendant's objections are based on his assertions that plaintiff departed Mule Creek State Prison at 11:15 a.m. and had a CT scan at 1:10 p.m. at San Joaquin General Hospital, defendant's argument is unconvincing.  With respect to defendant's motion, the time of plaintiff's appointment is only significant if the parties agree that defendant actually worked his assigned shift at Mule Creek State Prison from 6:00 a.m. to 2:00 p.m. on November 8, 2012.  Because this fact remains disputed, see ECF No. 72 at 13, defendant is not entitled to summary judgment.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed August 25, 2015, are adopted in full; and

2. Defendant Singh's motion for summary judgment (ECF No.49) is denied without prejudice to the filing of a summary judgment motion on alternate grounds, or joinder in defendant Rogero's motion for summary for summary judgment.

DATED:  December 8, 2015

/s/ John A. Mendez_____

UNITED STATES DISTRICT COURT JUDGE